### JOSHUA CORBIN *vs.* AMOS ADAMS.

The declarations of a son, while employed in performing a contract for h.s services, made by him as agent for his father, are not admissible in evidence to prove the terms of the contract.

THIS was an action to recover for work performed by the plaintiff's son for the defendant, according to an account annexed to the writ. The defendant specified in his defence, under the general issue, a contract between him and the plaintiff, that the son should work for him a certain period, and a breach of the contract, by the son's leaving his service before the expiration of the agreed time.

At the trial, before *Mellen*, J., in the court of common pleas, the plaintiff called the son as a witness, who testified, among other things, that he performed the labor as stated in the account; that as his father's agent, he made a contract with the defendant, in relation to the work; that during the time he was at work for the defendant, he received part payment of his services, from time to time; that he was authorized by his father, and as his father's agent, to make such contract, or any contract, as to his labor and services, and to receive his wages, from time to time; that such agency had not been revoked; and that a part of the money, which he had received for such wages, had been delivered by him to his father. The witness also stated, that the terms of the contract were not as alleged in the defendant's specification of defence, as to the time which he was to work for the defendant, and that by the contract he was at liberty to leave whenever he pleased.

The defendant then offered to prove by several witnesses, that while the son was at work for the defendant, in pursuance of the contract above stated, and during the continuance of his agency for the plaintiff, he had from time to time and repeatedly made statements contradictory to and inconsistent with his testimony in this case; and among other things, that, during the period of his service, he had declared to several persons, that he agreed to work for the defendant three years; whereas, in fact, it appeared from the evidence, that he worked for the defendant about two years, when he left work without any fault on the part of the defendant.

The defendant offered to prove these declarations, not only to impeach the testimony of the witness, but to prove that such was the contract made by the latter, as the agent of his father, with the defendant.

The presiding judge ruled, that the evidence was admissible for the purpose of impeaching the witness, but not to prove that the contract made by him, as the agent of his father, with the defendant, was such as set forth in the defendant's specification of defence.

The plaintiff having obtained a verdict, the defendant excepted.

*J. Mason*, for the defendant, cited 1 Greenl. Ev. § 113: 2 Stark. Ev. 34, 35, 42, 57; *Baring* v. *Clark*, 19 Pick. 220 · *Clifford* v. *Burton*, 1 Bing. 199; *Ashbourne* v. *Price*, 1 D. & R. N. P. C. 48; *Welsh* v. *Carter*, 1 Wend. 185; *American Fur Co.* v. *United States*, 2 Pet. 358; *United States* v. *Gooding*, 12 Wheat. 460, 468; *Higham* v. *Ridgway*, 10 East, 109.

*B. D. Hyde*, for the plaintiff.

WILDE, J.    The only question in this case is, whether the declarations of the plaintiff's agent were competent evidence to prove a contract between the parties; and we are of the opinion that they were not, as was ruled at the trial.    That the declarations of an agent, acting within the limits of his appointment, made in the course of the transaction which is the subject of inquiry, are admissible in evidence, cannot be doubted.    Such declarations are considered as part of the *res gestæ*, and are admitted as original evidence, and not as hearsay testimony.    And certainly what an agent says, when making a contract for his principal with another, he being authorized to make the contract, must necessarily be allowed to be proved, in order to ascertain the true meaning of the contract.    But such was not the evidence in this case.    The declarations of the agent were made after the contract had been made, and were not made to or in presence of the defendant, but to other persons; and they were not within the scope of the agent's authority.    He was authorized to make the contract, but not to relate the terms of it to others, so as thereby to bind the plaintiff.

The rule of evidence is so laid down in the case of *Stiles* v. *Western Railroad*, 8 Met. 46 : — " When an agent," it is said, " is acting within the scope of his authority, his declarations accompanying his acts are admissible, as they may qualify his

acts; but his declarations as to other matters and transactions are merely hearsay testimony." The evidence of the agent's declarations, which was held inadmissible in that case, was similar to that which was so held in this case. The same rule of evidence substantially is laid down in *Baring* v. *Clark*, 19 Pick. 220, 226. There the court say: "The agent was acting and speaking for the defendant under and within the general scope of his authority; and his confessions and declarations are to be taken as if they had been made by the defendant himself."

But in the case of *Biggs* v. *Lawrence*, 3 T. R. 454, Buller, J., allowed the receipt of the defendant's agent, who was authorized to receive certain goods under a contract, to be proved in an action against the defendant for the goods sold and delivered. The agent, however, in receiving the goods, and giving a receipt therefor, was acting within the scope of his authority; yet the correctness of the ruling of the judge admitting that evidence, has been doubted. In the case of *Bauerman* v. *Radenius*, 7 T. R. 661, it is said *arguendo*, that "that part of the case of *Biggs* v. *Lawrence* passed without much observation, and was not the principal point; and lord Kenyon has frequently ruled to the contrary at the sittings since that time, without its having ever been questioned. The answer given in such cases has always been, that the agent himself might have been subpœnaed as a witness, and therefore what he has been heard to say cannot be evidence, as not being the best." So lord Kenyon, in the same case, says: "With regard to the case of *Biggs* v. *Lawrence*, which was cited to show that an acknowledgment made by the defendant's agent was evidence against the principal, it is sufficient to say, that that was not the point on which the case was argued or determined in this court." And it certainly appears by the report of the case, that the question was not argued or noticed on the rule to show cause.

But whether the ruling of Buller, J., was correct or otherwise, it is no authority for admitting the evidence which was held to be inadmissible in this case; and we have no doubt on principle and authority it was rightfully so held. The

same rule of evidence, which was laid down in the case of *Stiles* v. *Western Railroad,* is also laid down in the case of *United States* v. *Gooding,* 12 Wheat. 460, 468, and in the case of the *American Fur Co.* v. *United States,* 2 Pet. 358, 364. The principle is, it is said, that " whatever an agent does, or says, in reference to the business in which he is at the time employed, and within the scope of his authority, is done or said by the principal." The same rule is laid down by Greenleaf, in his learned treatise on the law of evidence, and it is fully supported by the cases there cited. 1 Greenl. Ev. § 113.

*Exceptions overruled.*