# THE SUPREME COURT

OF THE

## STATE OF NEVADA,

## JANUARY TERM, 1884.

[No. 1163.]

## N. C. HAMMERSMITH, Respondent, *v.* G. W. AVERY, Appellant.

DAMAGES—SEIZURE OF PROPERTY EXEMPT FROM EXECUTION—EVIDENCE—WAGES OF BARBER.—In an action to recover damages against an officer for closing a barber shop and taking the implements of the barber's trade, which were exempt from execution : *Held*, that evidence of the customary wages of barbers is inadmissible to establish the damages resulting by reason of the interruption of the barber's business.

IDEM—VALUE OF PROPERTY—OFFER.—Evidence of the plaintiff of an offer made to him for the property, taken by the officer, is inadmissible; but a witness, in giving his own opinion of the value of the property, may testify as to an offer made by himself. Such evidence tends to prove the opinion of the witness, and is admissible.

IDEM—RIGHT OF EXEMPTION—PERSONAL PRIVILEGE—OFFICERS NOT TRESPASSERS.—The right of exemption is a personal privilege, which if not claimed is waived by the debtor. An officer who seizes property exempt from execution is not a trespasser *ab initio*.

IDEM—INSTRUCTIONS.—The fourth instruction, referred to in the opinion, was as follows: "If plaintiff * * * was in the possession as a tenant of the premises described in the complaint, and then and there carried on his trade as a barber, and the defendant, by virtue of a writ of attachment, ejected plaintiff therefrom and refused to allow him the use thereof, then the defendant was a trespasser, and is liable to the plaintiff for all damages that he directly sustained by reason of said withholding the possession thereof from him :" *Held*, correct.

VOL. XVIII—29

DEMURRER—MISJOINDER OF PARTIES—WAIVER.—The question of misjoinder
of parties, raised by demurrer, is waived by filing an answer.

APPEAL from the District Court of the Seventh Judicial
District, Washoe County.

The following instructions, in addition to the one in the
head notes, were given on the part of plaintiff :

1. "The plaintiff claims certain personal property as
exempt, as a barber, and I therefore instruct you that the
tools and implements of a mechanic or artisan necessary to
carry on his trade are exempt from execution, and if the
defendant * * * took the same from the plaintiff, then
he was a trespasser and liable to him for all damages that
were the direct result of such acts."

2. "The statute of exemption being remedial, beneficial
and humane in its character, must be liberally construed,
and if it does not clearly appear to the jury whether certain
property is or is not embraced within the excepting statute
they will allow the debtor the benefit of the doubt, and
suffer him to retain the property."

3. "The object of the statute of exempting tools neces-
sary to carry on his trade is to save to the debtor the means
of earning his support. * * * And it is too narrow a
construction of this statute to deny to a debtor, whose
business required him for its successful prosecution the em-
ployment of journeymen, the necessary means of their em-
ployment."

*Clarke & King*, for Appellant :

I. The court erred in overruling demurrer to amended
complaint. Distinct causes of action are improperly united.
(1.) Eviction from real property and the taking and
detention of personalty. (2.) Interruption or destruction of
plaintiff's business.

II. Evidence of what plaintiff might have earned by
hiring out his labor in another situation, and without
reference to the property in question, real or personal, was
not pertinent, and could only take the defendant by surprise
and mislead the jury.

III. Specific offers for the property were not proper evidence of its reasonable or market value.

IV. The evidence was strongly conflicting, and this incompetent matter may have turned the scale in the minds of a misled jury. (*Young* v. *Atwood*, 5 Hun 234; *Fowler* v. *Middlesex*, 6 Allen 96.)

V. Plaintiff's *first* instruction is erroneous. An officer is not a trespasser in levying upon exempt property. Detention by the officer only becomes unlawful after demand made. The instruction awards damages for the *taking*, and not for any detention, for which damages might be claimed. (*Borland* v. *O'Neal*, 22 Cal. 505, and cases there cited.)

VI. Plaintiff's *second* instruction is erroneous. It cannot be law that the defendant here must not only disprove the exempt character of the property, but must clear the minds of the jury of *any* doubt. The jury might have been satisfied upon a great preponderance of the proofs that the greater part and value of the property in question was not exempt, and yet have had a *doubt* (not even limited to a reasonable or rational doubt), and then their duty under this instruction was to find for plaintiff.)

VII. Plaintiff's *third* instruction (last clause) had no application to the case, and was misleading. There is no evidence that a journeyman or assistant is necessary or proper in plaintiff's business. It was incumbent upon plaintiff to show that it was. This instruction introduces to the jury a new element for determining the rights of the parties not warranted by the evidence, to defendant's prejudice. (*Mendelsohn* v. *Anaheim Lighter Co.* 40 Cal. 657.)

*John Bowman* and *William Cain*, for Respondent:

I. There is no misjoinder of causes of action. There is but *one* action on the case, wherein all the grievances complained of constituted but a single transaction at one and the same time, and is warranted by our practice. (*Brewer* v. *Temple* 15 How. Pr. 286; *Robinson* v. *Flint*, 16 How. Pr. 240; *Jones* v. *Steamship Cortes*, 17 Cal. 487.)

II. The value of the property in this action is not what it is worth when detached or separate from the realty, but in the condition it was and as used between outgoing and incoming tenants, and for what he could have sold it thus situated.   Wood's Mayne on Dam. 515, sec. 531 ; *Thompson* v. *Pettit*, 10 A. *& E.* ( *U. S.*) 103 ; *Boydell* v. *McMichael*, Cromp. M. & Roscoe 177 ; *Moore* v. *Drinkwater*, 1 F. & F. 134 ; *Fox* v. *Brissac*, 15 Cal. 223 ; *Hotchkiss* v. *Germania Ins. Co.*, 5 Hun 90.)

III.   The weight of authorities is that no demand was necessary. (Freeman on Ex. sec. 211 ; *Frost* v. *Mott*, 34 N. Y. 253 ; *Sessions* v. *Mosely*, 4 Cush. 87 ; *Davlin* v. *Stone*, 4 Cush. 359 ; *Frost* v. *Shaw*, 3 Ohio St. 270.)

IV.   Plaintiff's third instruction is warranted in the proof.   From the testimony it became a question of fact for the jury whether two chairs were necessary in plaintiff's business to carry it on successfully. ( *Wood* v. *Keyes*, 14 Allen 236 ; Freeman on Ex. sec. 336 ; *Howard* v. *Williams*, 2 Pick. 80.)

V.   Plaintiff's fourth instruction is correct. ( *Fox* v. *Brissac*, 15 Cal. 223.)

By the Court, BELKNAP, J.:

The defendant, the constable of Reno township, took in execution the implements of trade of the plaintiff, a barber, who claimed them to be exempt from levy and sale.   This action was brought to recover damages for the taking, and also for the interruption to plaintiff's business.   Plaintiff recovered judgment ; defendant appeals therefrom and from an order denying a motion for a new trial.

In order to establish the damages resulting to the plaintiff by reason of the interruption to his business, the court allowed him to prove, against defendant's objections, the customary wages of barbers for the period of time between the seizure and plaintiff's employment.   The wages of the journeyman are fixed and certain in amount, and must be paid, whether the business of the principal is profitable or unprofitable.   There is no necessary relation between the

profits of a principal and the wages of a journeyman, and such wages could furnish no criterion upon which the jury could act in determining the damages sustained by loss of business. Furthermore, the testimony was incompetent. The law required the plaintiff to establish his case by the best evidence of which it was susceptible. Such evidence was in his possession, and there was no necessity to resort to comparisons. The admission of this evidence was error, and the judgment must be reversed.

As the case may be tried again, it is proper that the remaining exceptions should be considered. The evidence of the plaintiff as to the "offer" made him for the property should have been rejected, because, among other reasons, the person making the offer may not have known the value of the property. "The value of an 'offer' depends upon too many considerations to allow it to be used as a test of the worth of property." (*Fowler* v. *Com'rs*, 6 Allen 96.) The testimony of the witness Coleman stands upon a different footing. In testifying to his own opinion of the value of the property, he spoke of an offer made by himself. In *Perkins* v. *People*, 27 Mich. 389, and *Dickinson* v. *Pittsburgh*, 13 Gray 554, it is intimated that evidence of this nature tends to prove the sincerity of the opinion of the witness, and is admissible. An instruction was given to the effect that if the property was exempt the defendant was a trespasser *ab initio*. There are cases which held that way. But in California, and many other states, the right of exemption is held to be a personal privilege, which, if not claimed, is waived by the debtor. In this state we have been accustomed to proceed under the latter rule, and we prefer it—certainly in cases where the property is not of a class wholly exempt—because it is equally beneficial to the debtor and at the same time affords a protection to the officer. The reason of the rule is well expressed in *Twinam* v. *Swart*, 4 Lans. 264: "*Prima facie* all property is liable to execution, and it was the duty of the constable, in the first instance, to make the levy. He cannot know intuitively that property is exempt, nor, indeed, that exemptions will

be claimed if it is. * * * It would be intolerably oppressive to place the constable in the dilemma of liability to an action if he refuses to levy his execution, and to an action of trespass if he does."

The fourth instruction given at the request of the plaintiff was correct, and must be sustained as against the instruction inconsistent therewith given at the request of defendant. We see no error in the rulings of the court upon the other instructions.

The question of misjoinder of causes of action raised by the demurrer was waived by answering. (*Lonkey* v. *Wells,* 16 Nev. 271.)

Judgment reversed, and cause remanded for new trial.