[No. 1461.]

IDA L. GARDNER, RESPONDENT, *v.* JAMES H. GARD-
NER, APPELLANT.

23  207
24  334

DIVORCE—EXTREME CRUELTY—SUFFICIENCY OF ALLEGATIONS IN COMPLAINT.—
In an action by a wife for divorce, the complaint, after alleging sev-
eral threats of defendant to kill plaintiff, set out that, on a certain
date, defendant falsely accused plaintiff of improper conduct in
keeping company with other men without defendant's consent,
and that such accusation, reiterated almost daily for six weeks, in
conjunction with the said threats, and defendant's frequent drunk-
enness, and a habit of gambling, had caused plaintiff great bodily
pain and mental anguish which seriously affected her health,
destroyed her happiness, and rendered her life so unendurable
that she was forced to cease living with defendant: *Held*, suffi-
cient to constitute a cause of action for divorce on the ground of
extreme cruelty. (BELKNAP, J., dissenting.)

IDEM—EVIDENCE NOT LIMITED TO FACTS CHARGED.—In an action for divorce
upon the ground of extreme cruelty, the evidence is not necessarily
to be limited to the particular facts charged, but that evidence of
other facts, whether before or after suit brought, which serves to
give character to the acts of cruelty alleged and proved, is admis-
sible.

IDEM—INCOMPETENT EVIDENCE.—The admission of incompetent evidence
in a divorce case is not ground for reversal where it appears that the
finding of the court was not based thereon.

IDEM—EVIDENCE—CONFLICT OF—RULE.—The same as in any other case,
coming before an appellate court, where it is claimed that the evi-
dence is insufficient to support the findings or verdict, the point
before us is not whether, upon the whole evidence, it is correct, but
whether there is any substantial evidence to support it; that is,
whether, when the decree is in favor of the plaintiff, he has proved
such a case as would have made a non-suit improper.

PRACTICE—PLEADING—WAIVER OF OBJECTIONS.—An objection that the sev-
eral causes of action set out in the complaint are not separately
stated, is waived by answering to the merits.

IDEM—WHEN ASSIGNMENT OF ERROR NOT CONSIDERED BY APPELLATE COURT.—
If appellant presents no argument or authorities in support of an
alleged error in the court below, this court will not consider the
assignment unless the error is so unmistakable that it reveals itself
by a casual inspection of the record.

IDEM—DEMURRER—MOTION TO MAKE PLEADING MORE DEFINITE.—The
objection that two causes of action are not separately stated in the
complaint, but are mixed together in one count, is not a ground of
demurrer, but such a fault is to be corrected by a motion to make
the pleading more definite and certain by separating and distinctly
stating the different causes of action. (Concurring opinion by
BIGELOW, C. J.)

APPEAL from the District Court of the State of Nevada,
Ormsby county; *C. E. Mack*, District Judge:

Action by Ida L. Gardner against James H. Gardner for divorce. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Affirmed.

The facts sufficiently appear in the opinion.

*Torreyson & Summerfield* and *M. A. Murphy*, for Appellant:

I. The court erred in overruling the demurrer to the complaint in this: There are three separate and distinct causes of action stated, to wit: Failure to provide, habitual gross drunkenness and gambling, and extreme cruelty, jumbled together so that it cannot be determined from the reading of the complaint where one count or cause of action leaves off, and the other commences, and said complaint does not conform to the closing paragraph of section 3086 of civil procedure, in that they are not separately stated.

II. The demurrer should have been sustained on the ground of ambiguity and for uncertainty in the complaint. The complaint attempts to set up a cause of action for cruelty, in a general way. Mere allegations of cruelty, in the terms of the statute, are not sufficient, since that would be alleging a conclusion of law instead of the ultimate fact. (*Callen* v. *Callen*, 44 Kan. 370; *White* v. *White*, 84 N. C. 340; *Smith* v. *Smith*, 43 N. H. 334; *Walton* v. *Walton*, 32 Barb. 203.)

III. A divorce should never be granted upon evidence of conduct or conversation which occurred after the filing of the complaint, and it was error in the court to permit counsel for the plaintiff, and for the court, over the objections of the defendant, to ask and insist upon answers being given to questions concerning the conduct and declarations of the defendant occurring after the date of the filing of the complaint. (*Bennett* v. *Bennett*, 2 Post. Mich. 484.)

IV. We are well aware that the appellate court will seldom set aside or reverse the judgment of the *nisi prius* court, when the evidence is conflicting, but the position we take is: Taking the testimony of the plaintiff and her witnesses, giving to it all the weight to which it is entitled under the law of marriage and divorce; the duties of the wife towards her husband; the powers and duties of the husband as the recognized head of the family—it is not sufficient to

justify the judgment and decree in this case, dissolving the bonds of matrimony existing between these parties.

V.   Mere austerity of temper, petulance of manners, rudeness of language, a want of civil attention and accommodation, occasional sallies of passion, do not amount to legal cruelty; threats of violence and words of menace are not alone cruelty; if the threats were meaningless or made in such a manner as to evince no determination to carry them into execution, there is no reasonable apprehension of harm. (*Close* v. *Close*, 9 C. E. Green, N. J. Chan. 338; *Shell* v. *Shell*, 2 Sneed, 34 Tenn. 716; *Adams* v. *Adams*, 78 Tex. 827; *Ruckman* v. *Ruckman*, 58 How. Pr. 278.)

VI.   All the authorities go to the extent of saying that there must be reasonable apprehension of bodily hurt, and such as prevents the complainant from properly performing marital duties.   (*Vognos* v. *Vognos*, 15 Ill. 186; *Richards* v. *Richards*, 1 Grant Pa. 389; *Coursey* v. *Coursey*, 60 Ill. 186; *Kennedy* v. *Kennedy*, 23 Stickles, N. Y. 360; *Davis* v. *Davis*, 55 Barb. 130; *Morris* v. *Morris*, 14 Cal. 70.)

VII.   In granting a divorce to the wife on the ground of cruelty, the law presumes her not to be the authoress of her own sufferings; it is on the presumption that her own conduct has been proper; if not, the remedy is in her own power; she has only to change her conduct; it is her duty to reform, and promote peace, and the evil complained of may cease. (*Johnson* v. *Johnson*, 14 Cal. 460; *Reed* v. *Reed*, 4 Nev. 395; *Poor* v. *Poor*, 29 Am. Dec. 668; *Conant* v. *Conant*, 10 Cal. 257; *Skinner* v. *Skinner*, 5 Wis. 451; *Knight* v. *Knight*, 31 Iowa, 451; *Molton* v. *Molton*, 2 Barb. Oh. 309; *Richards* v. *Richards*, 37 Pa. St. 227; *Lelands* v. *Jore*, 5 La. Ann. 32; *Edgerton* v. *Edgerton*, 75 Iowa, 68; *Childs* v. *Childs*, 49 Md. 509; *Blurock* v. *Blurock*, 4 Wash. 495; *Trowbridge* v. *Carlin*, 12 La. Ann. 882.)

VIII.   A wife is not entitled to a divorce for cruelty where she has provoked the violence of which she complains by associating with men against the husband's repeated protests. (26 N. Y. Supp. 246, affirmed in *Taylor* v. *Taylor*, 74 Hun, 639; *Evens* v. *Evens*, 82 Iowa, 462.)

*Alfred Chartz*, for Respondent:

I.   Where a demurrer to a complaint is put in, and over-

ruled, and the defendant then answers, the answer is a waiver of the demurrer. (*DeBoom* v. *Priestly*, 1 Cal. 206; *Lonkey & Smith* v. *Wells*, 16 Nev. 271; *Hammersmith* v. *Avery*, 18 Nev. 225; *Brown* v. *Saratoga R.'R. Co.*, 18 N. Y. 495; 2 Wait's Pr. 456.)

II. The court did not err in allowing testimony with regard to the conduct of the defendant after the filing of the amended complaint any more than any court errs in instructing juries in arriving at their verdict they may take into consideration the conduct of the parties and witnesses upon the stand, and judge of their interest in the matter to enable the jury to see who is telling the truth and who is not.

III. The only question for the supreme court to decide is whether, taking the testimony of the plaintiff as true, a divorce should be granted. The lower court has found the testimony of the defendant untrue. The lower court had the best opportunities to judge of that matter, and the supreme court will not disturb the opinion of the lower court in that matter, except in matters in which the supreme court will have an equal opportunity of judgment.

IV. No court ought to wait until a threatened act of legal cruelty is committed. (1 Bish. on Mar. and Div. 729.)

V. Counsel weaves around his argument the fact that there is no single act which amounts to legal cruelty under his understanding of what constitutes legal cruelty. But the authorities uniformly hold that the entire picture must be taken into view, and, if such a life would be dangerous to health, legal cruelty is established.

VI. The court cannot enjoy the proper opportunities of judging the character of the parties. This court can never know whether the plaintiff is beautiful, educated, refined, or the reverse. This court has not heard the voice of the defendant, or witnessed his emotions and demeanor in court; nor has it heard any of the witnesses testify. This court has nothing before it but the printed words of the transcript. Now, I claim that particularly in an action for divorce, and more particularly do I claim in an action for divorce upon the ground of legal cruelty, the matters absent from this court are essential in the highest degree in judging whether a divorce should be granted or refused. The lower court had

all these opportunities, and decreed a divorce, and it should not be disturbed, unless it very clearly appears to this court that the plaintiff is not entitled thereto.

By the Court, BONNIFIELD, J.:

In this action the trial court granted a decree in favor of the plaintiff and against the defendant, dissolving the bonds of matrimony then existing between them on the ground of extreme cruelty on the part of the defendant towards the plaintiff, and awarded to her the care and custody of their minor child. From this decree and the order of the court denying his motion for new trial the defendant appeals.

The appeal is prosecuted on the alleged grounds: (1) Errors in law occurring at the trial and excepted to by the defendant. (2) Insufficiency of the evidence to support the decision of the court and that the same is against law.

The complaint is based on two of the statutory grounds for divorce: Neglect to provide, etc., and extreme cruelty, but the causes of action are not separately stated, or rather they are embraced in one count. The defendant demurred to the complaint upon the alleged grounds of its ambiguity, uncertainty, etc., and the insufficiency of the facts stated to constitute a cause of action. The court sustained the demurrer with respect to some of the specified grounds of objection contained therein and overruled. it in all other respects. The complaint was amended to cure the defects with respect to which the demurrer had been sustained, the defendant answered, and the case went to trial on issues of fact.

The overruling of the demurrer is assigned as error, and the alleged error is argued by appellant's counsel. It is insisted that there are several causes of action united and "jumbled together," and do not conform to the closing paragraph of section 3086 of the General Statutes "in that they are not separately stated." Whether or not these objections can be taken by demurrer we do not pass upon. If the demurrer was proper, the defendant waived the objections by answering. All objections to a complaint are waived by answering and raising issues of fact, except: (1) "That the court has no jurisdiction of the person of the defendant or

the subject of the action." (2) "That the complaint does not state facts sufficient to constitute a cause of action." (*Lonkey* v. *Wells*, 16 Nev. 271; *Hammersmith* v. *Avery*, 18 Nev. 225; Bliss on Code Pleadings, sec. 417.)

The allegations of jurisdiction and marriage being fully and sufficiently made by the amendments, the only question to be considered concerning the complaint is: Are the facts stated therein sufficient to constitute a cause of action for divorce on the ground of extreme cruelty? By the complaint the plaintiff alleges: "That since said marriage the defendant has treated her in a cruel and inhuman manner, and in particular as follows:" [After alleging several threats of the defendant to take the life of the plaintiff, with the time, place and circumstances, and other misconduct on his part, it is further alleged:] "That on or about the 3d day of March, A. D. 1894, at Wellington, Lyon county, Nevada, the said defendant falsely charged that plaintiff was guilty of improper conduct as a wife in keeping company and going with other men without his consent, and from that date until the 17th of April, A. D. 1894, has almost daily so charged her, which, in conjunction with the acts of cruelty hereinbefore set forth, his frequent drunkenness and his habit of gambling as aforesaid, caused her great bodily pain and mental anguish, which seriously impaired her health, destroyed her happiness and rendered her life so miserable and unendurable that she was forced to cease cohabiting and living with defendant on said 17th day of April, A. D. 1894."

We are of opinion that the facts stated are sufficient to constitute a cause of action, and, if proven, entitle the plaintiff to the decree granted.

Certain testimony concerning the conduct of the defendant towards the plaintiff was offered and objected to by the defendant's counsel, on the ground that the alleged conduct occurred after the action was brought. The objection was overruled and the evidence admitted, to which ruling the counsel excepted. The admission of this evidence is assigned as error, and noticed in argument by counsel for appellant. The record shows that the findings of fact on which the decree of divorce was granted were based on the evidence of the defendant's conduct prior to the filing of the complaint,

and that all the facts found antedate the commencement of the action.

"The admission of incompetent evidence by the trial court is not reversible error on appeal where it appears that the verdict or finding was not based upon it." (*McDonald* v. *Jacobs*, 85 Ala. 64; *People* v. *Collins*, 75 Cal. 411; *Markell* v. *Mathews*, 3 Colo. App. 49; 2 Ency. Pleadings and Practice, 549, *et seq.*)

There are numerous decisions of this court running through many of the reports, from *Mitchell* v. *Bromberger*, 2 Nev. 345, to *State* v. *Lewis*, 20 Nev. 333, which hold to the effect that the judgment of an inferior court will not be set aside on appeal for errors committed on the trial which it appears could not have prejudiced the appellant.

While the acts or conduct of a defendant after suit brought cannot be made the ground for divorce, it seems to be well settled that specific acts of cruelty occurring during the period in which it is alleged the misconduct took place, although not specifically alleged, may be received in evidence as explanatory of those averred and as giving weight to them and color to the acts alleged and proved. (2 Bishop on Marriage, Divorce and Separation, secs. 1442, 1443, and notes.) And Bishop, in same volume, sec. 1451, says: "One cannot see why they may not receive color as well from what occurred after the suit was brought as before."

In the case of *Doughaday* v. *Crowell*, 3 Stockton (N. J.) Rep. 210, the court said: "It may be said that the court must look at the case as the bill presents it, and must confine itself to matters which occurred previous to the commencement of the suit. But the court may look at the conduct of the husband towards the wife since the commencement of the suit for the purpose of giving character to the acts which are relied upon as grounds for the divorce."

We are of opinion that the evidence is not necessarily to be limited to the particular facts charged, but that evidence of other facts, whether before or after suit brought, which serves to give character to the acts of cruelty alleged and proved, is admissible.

Several other alleged errors are assigned which will not be considered, as they have not been noticed in argument.

" If appellant presents no argument or authorities in support of an alleged error in the court below, this court will not consider the assignment, unless the error is so unmistakable that it reveals itself by a casual inspection of the record." (*Allison* v. *Hagen*, 12 Nev. 38.) And alleged errors, argued but not embraced in the assignment, will not be considered. (*Sherman* v. *Shaw*, 9 Nev. 148; *Boyington* v. *Longley*, 19 Nev. 69.)

*The Evidence:* The evidence is conflicting, and while it does not make out a very strong case against the defendant, it tends to prove the alleged acts of cruelty as found by the court. Bishop, in commenting upon the degree of cruelty or what extent of harm must be apprehended, says: " There is no possibility of measuring the depth of woe or danger required, except by the understandings of the men who occupy the bench and the jury box, enlightened and strengthened by what has been heretofore deemed or adjudged."

Taking the testimony altogether, as to the specific acts of the defendant, and his general conduct embraced within the period named in the complaint and as to the effect they had on the plaintiff, we do not think we would be justified in disturbing the findings of the court.

The judgment and order denying a new trial are affirmed.

BIGELOW, C. J., concurring:

.The objection· that the two causes of action are not separately stated in the complaint, but are mixed together in one count, is not a ground of demurrer, but such a fault is to be corrected by a motion to make the pleading more definite and certain by separating and distinctly stating the different causes of action. (Pomeroy, Rem. & Rem. Rights, sec. 447; Bliss, Code Pleadings, sec. 412.)

Whether there is sufficient evidence to support the finding that the defendant has been guilty of extreme cruelty, is a question upon which there has been considerable doubt in my mind, and it is not without hesitation that I conclude there is. The same as in any other case coming before an appellate court where it is claimed that the evidence is insufficient to support the findings or verdict, the point before us is not whether, upon the whole evidence, it is correct, but

whether there is any substantial evidence to support it; that is, whether, when the decree is in favor of the plaintiff, he has proved such a case as would have made a non-suit improper. If there is—if there is a substantial conflict in the evidence—then the duty and responsibility of finding the facts from the evidence devolve upon the trial court, and constitute a question concerning which this court has nothing to do, even though we may feel that upon the whole evidence we should have come to a different conclusion.

The evidence upon the plaintiff's part shows that she and defendant quite frequently had disagreements and quarrels concerning his habits of drinking and gambling, of which she accused him, and on account of which she threatened to leave him if he did not reform. At such times, when angered, he often told her that if she did he would kill her, and sometimes that he would kill her, their infant child and himself. He also became quite jealous of her, as she claims, and, as the court presumptively found, without any cause, and he accused her often of improper conduct with other men. According to her version, his conduct was certainly very unjustifiable on the night when he refused to permit her to get their infant child as they passed, on their way home, her mother's house, where it had been left earlier in the evening, and compelled her to remain in the buggy and return home without the child, under threats of "blowing her brains out." Her evidence is that after getting home he pushed her into the house, locked the door and searched for a pistol, certainly for the purpose of intimidating her, if not of using it. That she was under some apprehension that he might use it some time is shown by her having previously removed it beyond his reach. It may be that he would not have used it, and that he never had any intention of doing so, but at the same time the contrary is possible. At any rate, a husband indulging in such acts and language cannot complain very much if he is taken seriously. Unless it is clear that they were mere idle threats, courts are hardly justified in experimenting to ascertain whether they were or not, for the experiment might be a disastrous one for the wife. In addition to this apprehended danger, she alleged, and proved by her own and her mother's testimony, that his conduct had affected

her health, and the court found that it had rendered her life unendurable.

Under these circumstances, while I consider the case, particularly in view of the defendant's testimony, a weak one, I cannot say that there is not substantial evidence to support it.

I therefore concur in affirming the judgment and order.

BELKNAP, J. dissenting:

The evidence is insufficient in my judgment to support the charge of extreme cruelty. I therefore dissent.