NATIONWIDE FINANCE CORPORATION, A NEVADA CORPORATION, APPELLANT, v. HARRY T. WOLFORD AND BERTHA I. WOLFORD, RESPONDENTS.

No. 4767

November 16, 1964                    396 P.2d 398

*Babcock & Sutton,* of Las Vegas, for Appellant.

*R. Paul Sorenson,* of Las Vegas, for Respondents.

## OPINION

By the Court, McNAMEE, J.:

The record herein consists of an agreed statement of facts.

Appellant obtained an uncontested judgment in the court below against respondents in the sum of $1,654.68 on June 11, 1963. On February 7, 1964 a writ of execution issued which on February 11, 1964 was served upon the Sahara Hotel where respondent Harry T. Wolford was employed as a casino dealer. His wages in the sum of $202.98 were levied upon. On February 28, 1964 that sum, having been collected by the sheriff, was delivered to appellant's attorney. On March 18, 1964 another execution issued and on the next day Harry T. Wolford's wages in the sum of $277.27 were levied upon. On March

30, 1964 respondents' attorney filed a motion to release the said sums of $202.98 and $277.27, a copy of which was served April 1, 1964 on appellant's attorney. While said motion was pending, the sheriff on April 17, 1964 delivered to appellant's attorney the $277.27 which he had received from the Sahara Hotel on April 8, 1964.

The motion for release of the monies was heard on April 20, 1964 and on April 24, 1964 the lower court ordered the appellant to turn over to respondent the sum of $202.98 and the sum of $277.27 for the reason that the same represented wages exempt from execution. Appeal is from that order.

The right of exemption is a personal privilege, which, if not claimed, is waived by the debtor. Hammersmith v. Avery, 18 Nev. 225, 2 P. 55. The respondent debtor asserted his wage exemption 48 days after the first levy and 31 days after the wages first levied upon had been delivered by the sheriff to the appellant creditor. We think that under these circumstances respondent failed to set up his claim of exemption under the first levy within a reasonable time, and therefore waived his right to do so.

Respondent asserted his claim of exemption 11 days after the second levy and before the wages levied upon had been paid over to the appellant. With respect to this claim of exemption, we believe that it was timely. Cf. Rempe & Son v. Ravens, 68 Ohio St. 113, 67 N.E. 282.

The order is modified to require the sum of $277.27 only to be turned over to respondent. As so modified, the order is affirmed.

No costs are allowed.

BADT, C. J., and THOMPSON, J., concur.