J. D. CARSON, Appellant, *v.* SHERIFF, CLARK
COUNTY, NEVADA, Respondent.

No. 6479

July 13, 1971                    487 P.2d 334

*James L. Buchanan II,* of Las Vegas, for Appellant.

*Robert List,* Attorney General, of Carson City; *Roy A Woofter,* District Attorney, *Charles L. Garner,* Chief Deputy District Attorney for Appeals, Clark County, for Respondent.

## OPINION

By the Court, Gunderson, J.:

A complaint charging appellant with violating NRS 484.010 having been dismissed by a Justice of the Peace for want of probable cause, after preliminary hearing, some six months

later the Grand Jury indicted appellant on identical charges.[1] On appeal from the Eighth Judicial District Court's denial of habeas corpus, he contends: (1) that "the State did not show probable cause to hold the appellant to answer the charges contained in the Grand Jury indictment"; and (2) that "the State failed to give the defendant a speedy trial as required by the Constitution of the United States."

1. Appellant bases his first contention in part on the fact that the collision occurred in Las Vegas, an incorporated city, urging that therefore there was no probable cause to charge him with failure to "make a report of such collision to the Sheriff."

NRS 484.010, which was repealed subsequent to the incident in question (Stats. Nev. 1969, ch. 675, p. 1510), subject to our general savings statute (NRS 169.235), commanded several distinct acts by the driver of any vehicle striking a person or colliding with a vehicle containing a person.[2] NRS 484.010(1) required that the driver "immediately cause such

---

[1]"I N D I C T M E N T

(Hit & Run Driving—
Felony—NRS 484.010)

"STATE OF NEVADA  ⎫
                   ⎬ ss:
COUNTY OF CLARK ⎭

"The Defendant above named, J. D. CARSON, is accused by the Clark County Grand Jury of the crime of HIT & RUN DRIVING (Felony—NRS 484.010) committed at and within the County of Clark, State of Nevada, on or about the 11th day of February, 1969, as follows:
did then and there wilfully, unlawfully and feloniously, while driving a 1966 Oldsmobile two-door automobile, bearing 1969 Nevada License No. C–64235, in the 3500 block on East Charleston Boulevard in the vicinity of Sacramento Street, Las Vegas, Clark County, Nevada, strike and collide with an unlicensed Schwinn Bicycle, ridden by JOHN POCHINSKI, damaging said vehicle and injuring the rider thereon, and did not thereafter stop his vehicle and render all necessary assistance to the rider on the bicycle JOHN POCHINSKI, or make a report of such collision to the Sheriff of the County in which such collision occurred."

[2]"484.010 Accidents involving persons or vehicles containing persons: Duty to give information and render aid; penalties.
"1. Whenever an automobile, motorcycle or any other vehicle whatever, regardless of the power by which the same is drawn or propelled, strikes any person or collides with any vehicle containing a person, the driver of such vehicle and all persons in such vehicle who have or assume authority over such driver shall immediately cause such vehicle to stop, and shall render to the person struck, or the occupants of the vehicle collided with, all necessary assistance, including the carrying of such person or occupant to a physician or surgeon for

vehicle to stop," and also that he "render to the person struck, or the occupants of the vehicle collided with, all necessary assistance." NRS 484.010(3) required that he report the collision to specified law enforcement authorities. Failure to perform any of these acts was a separate offense. People v. Steele, 280 P. 999 (Cal.App. 1929); People v. Hoenschle, 22 P.2d 777 (Cal.App. 1933). NRS 484.010(4) provided that all such violations were gross misdemeanors; however, if physical injuries were involved, violations of NRS 484.010(1) were made felonies by NRS 484.010(5).

Strictly construed, NRS 484.010(3) did not require a report to the Sheriff of collisions occurring within "an incorporated city"; thus, the record does not establish probable cause for a charge of failure to report to him. This allegation may and should be disregarded as surplusage. State v. Lawry, 4 Nev. 161 (1868); State v. Harkin, 7 Nev. 377 (1872); State v. Collyer, 17 Nev. 275 (1883); State v. Buralli, 27 Nev. 41, 71 P. 532 (1903). If appellant deems such surplusage prejudicial, he may move to have it stricken under NRS 173.085.

2. In regard to his first contention, appellant also has raised questions concerning the extent to which knowledge of injury is a requisite element of offenses under NRS 484.010(1). As neither party has focused attention on the peculiar language

medical or surgical treatment, if such treatment be required, or if such carrying be requested by the person struck, or the occupant of the vehicle struck.

"2. Such driver and the person having or assuming authority over such driver shall further give to the occupants of such vehicle, or such person struck, the number of his vehicle, the name of the owner thereof, and the name of the passenger or passengers in each vehicle at the time of such striking or collision.

"3. As soon as possible, every such driver shall make a full report of the collision, with all details and circumstances thereof, to the sheriff of the county in which the collision occurred, and to the nearest office of the Nevada highway patrol or office of a duly authorized police authority, or, if such a collision occurs within an incorporated city, to the chief of police of the city.

"4. Except as otherwise provided in subsection 5, any person violating any of the provisions of this section shall be guilty of a gross misdemeanor.

"5. If a person is struck and physically injured or if an occupant of a vehicle collided with is physically injured and the driver of the vehicle so striking and injuring the person or colliding with such vehicle fails to stop and render assistance as required by subsection 1, such driver and all persons in such vehicle who have or assume authority over such driver shall be punished by imprisonment in the state prison for not less than 1 year nor more than 10 years, or by a fine of not more than $5,000, or by both fine and imprisonment."

of NRS 484.010, and as we regard the evidence ample to show probable cause under any construction of our former statute, we do not decide such questions.[3]

Of course, we do not reach the question of whether the evidence is sufficient to support a conviction [cf. Maskaly v. State, 85 Nev. 111, 450 P.2d 790 (1969)], or whether certain evidence received by the Grand Jury might be suppressed for Constitutional reasons [cf. Cook v. State, 85 Nev. 692, 462 P.2d 523 (1969)], or whether the indictment may be subject to attacks other than for want of probable cause to support it.

3. Appellant's Constitutional complaint is totally based on references to Maes v. Sheriff, 86 Nev. 317, 468 P.2d 332 (1970), and Klopfer v. State of North Carolina, 386 U.S. 213, 18 L.Ed.2d 1, 87 S.Ct. 988 (1967), neither of which relate to delay in *charging* a criminal offense. Authorities of substantially more significance have neither been cited, nor discussed.[4] "If appellant presents no argument or authorities in support of an alleged error in the court below, this court will

[3]The District Attorney has discussed this case as if NRS 484.219 and 484.223 were concerned, although these statutes were adopted after the occurrence in question.

[4]Although we have said "[o]ur statutory law specifying times to govern the progress of a criminal case remains as an appropriate guide to be used in resolving a speedy trial issue" [Stabile v. Justice's Court, 83 Nev. 393, 432 P.2d 670 (1967)], and although a person not arrested or formally charged with a crime has generally been held not to be an "accused" within the meaning of the Sixth Amendment [see, Nickens v. U.S., 323 F.2d 808 (D.C.Cir. 1963); Oden v. U.S., 410 F.2d 103 (5th Cir. 1969); Harlow v. U.S., 301 F.2d 361 (5th Cir. 1962); Bruce v. U.S., 351 F.2d 318 (5th Cir. 1965); Mack v. U.S., 326 F.2d 481 (8th Cir. 1964)], an untoward and prejudicial delay in charging an offense may arguably constitute deprivation of due process [see, Ross v. United States, 349 F.2d 210 (D.C.Cir. 1965); Woody v. U.S., 370 F.2d 214 (D.C.Cir. 1966); Powell v. U.S., 352 F.2d 705 (D.C.Cir. 1965); Jackson v. U.S., 351 F.2d 821 (D.C.Cir. 1965); Scott v. State, 84 Nev. 530, 444 P.2d 902 (1968)].

In his concurring Opinion in Dickey v. Florida, 398 U.S. 30, 26 L.Ed.2d 26, 90 S.Ct. 1564 (1970), Justice Brennan notes that "[w]ith some exceptions, it has been held that the right to speedy trial does not apply to delays that occur before the defendant's arrest or indictment," but collects some contrary authority in a footnote. 398 U.S., at 44. At the conclusion of his Opinion, Justice Brennan notes that "[a]rguments of some force can be made that the guarantee attaches as soon as the government decides to prosecute and has sufficient evidence for arrest and indictment. . . ." 398 U.S., at 56.

Before enunciating the effect of such authorities, and the validity of such arguments, we prefer to wait until we are favored with briefs marshaling them in relation to the facts of a given case.

not consider the assignment, unless the error is so unmistakable that it reveals itself by a casual inspection of the record." Allison v. Hagan, 12 Nev. 38, 42 (1877); Gardner v. Gardner, 23 Nev. 207, 45 P. 139 (1896); Candler v. Ditch Co., 28 Nev. 151, 80 P. 751 (1905); Riverside Casino v. J. W. Brewer Co., 80 Nev. 153, 390 P.2d 232 (1964); Smithart v. State, 86 Nev. 925, 478 P.2d 576 (1970). We have reviewed the record in the light of our conceptions of applicable law, and have found no error in the lower court's determination that appellant is not entitled to discharge for want of a speedy trial.

Affirmed.

ZENOFF, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.