ARTHUR J. MOORE, APPELLANT, *v.* STATE OF NEVADA, RESPONDENT.

No. 6626

February 18, 1972                    493 P.2d 1035

*Samuel B. Francovich,* of Reno, for Appellant.

*Robert List,* Attorney General, and *Robert E. Rose,* District Attorney of Washoe County, for Respondent.

## OPINION

*Per Curiam:*

The appellant contends that his conviction for first degree murder and attempted murder in the first degree must be set aside because the statute under which he was sentenced is unconstitutional.

NRS 200.030 defines degrees of murder, directs the jury to set the degree and to decide the penalty if they find the defendant guilty of first degree murder. The appellant contends that this statute is unconstitutional because the members of a jury, knowing the penalty for first degree murder, but "being kept in complete ignorance" as to the penalty for second degree murder, are more likely to convict of first degree.

The appellant has cited no authorities in support of his position. Therefore, since no error or violation of due process clearly presents itself, this court will not consider the assignment of error. Howarth v. El Sobrante Mining Corp., 87 Nev. 492, 489 P.2d 89 (1971); Carson v. Sheriff, 87 Nev. 357, 487 P.2d 334 (1971); Smithart v. State, 86 Nev. 925, 478 P.2d 576 (1970).

Even if this court were willing to indulge in the speculation that there is a tendency to convict of first degree murder merely because the penalty for second degree is unknown to the jury, the statute under consideration would not be the proper vehicle to effect a change in this alleged unfair procedure. NRS 200.030 does not direct that the penalty for second degree shall not be revealed to the jury. It was the standard instruction given in this case which provided that "except in the offense of Murder in the First Degree, the punishment provided by law for all other offenses charged in this Indictment is not to be considered by the jury in arriving at an impartial verdict as to the guilt or innocence of the accused." An instruction of this type directing the jury not to involve the question

of guilt with a consideration of the penalty is proper. People v. Shannon, 305 P.2d 101 (Cal.App. 1956).
Affirmed.