CHARLES JOHN HUNTLEY, APPELLANT, v. SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 7562

May 13, 1974                    522 P.2d 147

*Morgan D. Harris,* Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was ordered to stand trial for robbery (NRS 200.-380), and for murder committed during the robbery (NRS 200.030(2)(b).[1]

A pretrial petition for habeas corpus contended the state failed to present evidence of robbery at the preliminary examination, thus the robbery charge must fail; and, since the felony-murder charge was conditioned on the robbery, that charge could not stand.

In its return to the habeas petition the state candidly conceded that it had not presented sufficient evidence to establish the robbery charge; however, it moved for permission to file an amended information, charging Huntley with killing the deceased by shooting her "with a firearm."

---

[1]200.030 provides in part:

2.  "Murder of the first degree is murder which is:

(b) Committed in the perpetration of rape, kidnaping, arson, *robbery, . . .*"

The trial court granted the motion to file the amended information, concluded the issue in the habeas petition was thus rendered moot, and denied habeas. In this appeal appellant's central contention argues the state is proscribed from "short circuiting" a valid habeas petition by filing an amended information. Appellant cites no authority in support of this contention; therefore, it is rejected. See Carson v. Sheriff, 87 Nev. 357, 487 P.2d 334 (1971); cf. NRS 173.095.

In the alternative, appellant argues that the quantum of admissible evidence in the transcript of his preliminary examination is insufficient to meet the standard of probable cause contemplated by NRS 171.206. We also reject this contention as we deem the content of the record meets that standard. See State v. von Brincken, 86 Nev. 769, 476 P.2d 733 (1970).

"[W]e are not now concerned with the prospect that the evidence presently in the record may, by itself, be insufficient to sustain a conviction." McDonald v. Sheriff, 89 Nev. 326, 512 P.2d 774 (1973).

The order of the trial court is affirmed.