MARVIN LEE HULETT, JR., APPELLANT, v. SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 7988

March 11, 1975 ·       532 P.2d 607

[Rehearing denied April 7, 1975]

*Morgan D. Harris,* Public Defender, Clark County, and Robert L. Stott, Deputy, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Daniel M. Seaton,* Chief Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

In this appeal from an order denying a pretrial petition for habeas corpus, we believe evidence at the preliminary examination justified the magistrate's determination that there was probable cause to hold appellant for trial. NRS 171.206. At

this juncture we need not and do not decide whether such evidence would support a conviction. Cf. McDonald v. Sheriff, 89 Nev. 326, 512 P.2d 774 (1973).

At the hearing on the habeas petition, the district court granted habeas as to the counts in the information charging extortion and robbery, and to that part of count I which charged murder during the commission of a burglary.

Because the remaining counts (I and II), charging first degree murder and kidnapping, allude to "extorting information" appellant contends the entire information is fatally defective and that the trial court erred in refusing to grant habeas as to those counts.

We do not agree. At most, the challenged language amounts to surplusage. In 1868, this court first held that surplusage in an information or indictment does not necessarily render it fatal. See State v. Lawry, 4 Nev. 161 (1868). If the words taken to be surplusage are stricken, and there remains sufficient language to constitute a proper charge of all the elements of the crime, the indictment or information remains valid. State v. Harkin, 7 Nev. 377 (1872). Here, if the challenged language in counts I and II is stricken, the remaining language is sufficient to charge a public offense in words sufficient to give appellant notice of the offenses charged. *Harkin, supra.* Cf. People v. Randazzo, 310 P.2d 413 (Cal. 1957).

"If appellant deems such surplusage prejudicial, he may move [in the trial court] to have it stricken under NRS 173.-085." Carson v. Sheriff, 87 Nev. 357, 359, 487 P.2d 334, 335 (1971).

Affirmed.