STEVEN DARIO QUIRICONI, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 10323

March 15, 1979                            591 P.2d 1133

*Carl F. Martillaro,* Carson City, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; and *Calvin R. X. Dunlap,* District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

A jury convicted Steven Dario Quiriconi of indecent exposure, a violation of NRS 201.220.[1] The complaint and information alleged that he "did willfully and unlawfully make an open, indecent, *and* obscene exposure of his person. . . ."

---

[1]NRS 201.220 provides in pertinent part:

"1. Every person who makes any open and indecent *or* obscene exposure of his person . . . is guilty:

"(a) For the first offense, of a gross misdemeanor." (Emphasis added.)

(Emphasis added.) Quiriconi appeals the conviction, claiming the conjunctive language of the information obligated the State to prove the exposure was obscene, and the evidence was insufficient to establish either obscenity[2] or criminal intent. We disagree.

1. The words "and obscene" may be treated as surplusage in the information since if stricken, the remaining language is sufficient to charge the public offense of indecent exposure. *See* Hulett v. Sheriff, 91 Nev. 139, 532 P.2d 607 (1975); Stokes v. State, 76 Nev. 474, 357 P.2d 851 (1960). "If appellant deems such surplusage prejudicial, he may move [in the trial court] to have it stricken. . . ." Hulett v. Sheriff, *supra* at 141. However, its inclusion in the information does not obligate the State to prove obscenity. Assuming the requisite intent is established,[3] proof that the exposure was open and indecent is sufficient to make out the crime. *See* Turner v. United States, 396 U.S. 398, 420 (1970); United States v. Ippolito, 438 F.2d 417 (5th Cir. 1971); State v. Fowler, 525 P.2d 1061 (Or.App. 1974).

That the proof adequately established openness and indecency is not in issue. Thus, the only disputed element essential to proof of the crime is intent.

2. The following evidence appears in the record: the street traveled by the victim as she approached the scene was clearly visible from the defendant's residence. The defendant seemed to step out onto his front porch just in time for the victim to view him. He stood there pantless and, without any attempt to turn away or otherwise conceal his nakedness, made eye contact with the victim as she drove by. As the victim departed the area she saw the defendant continue watching her. Given these circumstances, the jury could reasonably conclude the defendant's exposure was intentional.

Affirmed.

---

[2]Appellant also urges that obscenity must be proved by expert evidence relative to community standards of decency. However, our resolution of the first issue removes the necessity of reaching this contention.

[3]Because the evidence in this case supports a finding of intentional conduct, we need not decide whether proof of unintentional conduct amounting to criminal negligence, would support a conviction of indecent exposure. *See* NRS 193.190.