# Richmond

Ronald Lee Buchanan, Alias, Etc. v. Commonwealth of Virginia.

April 27, 1970.

Record No. 7218.

Present, All the Justices.

*John C. Stephens, Jr. (Zepkin, Stephens & Rideout, on brief), for plaintiff in error.*

*D. Gardiner Tyler, Assistant Attorney General (Robert Y. Button, Attorney General, on brief), for defendant in error.*

Snead, C.J., delivered the opinion of the court.

Ronald Lee Buchanan, defendant, was arraigned on November 1, 1968 on an indictment charging armed robbery. A jury was waived and trial by the court, on a plea of not guilty, was had on the same day. Defendant was found guilty and was sentenced to confinement in the State penitentiary for a term of twenty years. To this judgment of conviction we granted defendant a writ of error.

The questions presented by the assignments of error all relate to the pre-indictment identification of defendant by the complaining witness, Stanley Ray Milton, in a line-up conducted by the police in the absence of counsel.

The record reveals the following facts:

Stanley Ray Milton was at his place of business, Kentucky Fried Chicken of Williamsburg, Inc., on the night of June 5, 1968, at approximately 9:45 p.m. He testified that at that time a young man, "clothed in a hat and coat and dark glasses," came in and, while Milton waited on another customer, walked around looking at pictures on the wall. No one else was in that section of the business establishment.

After the customer obtained his order and left, Milton waited on the young man who ordered a box of chicken. Milton then went to the back section of the premises to pack the chicken. When he returned he did not see the man at first but then noticed him squatting on the floor. The man then stood up, put a brown paper bag on the counter and ordered Milton to put his money in it.

Milton asked the man what he was talking about, to which he replied, " 'Empty the cash register and put the money in the bag' ". Milton testified, "I said, 'Are you sure you know what you're doing?' and at that time he opened up his coat * * * and had a revolver pointed right at me, so I figured he knew what he was doing and so I proceeded to put the money [$481] in the bag and—I did it as slow as I could, hoping that somebody would come in, but he was rushing me to get out, and it so happened that before I got it in there, another car came up and the boy came in, and as this man ran out, I told this boy that this other one had just robbed me, to follow him and he took off and chased after him, over to the motor court next door, and that's when I saw the white car leave and I called the Police".

Buchanan was later arrested and at approximately 10 a.m. on June 6, a line-up was conducted by the police in which Buchanan and four others participated. Sergeant Altizer testified, "I was in civilian clothes and I identified myself to him as a Police Sergeant of the City of Williamsburg, and that he was brought to participate in a line-up for identification of a crime of which he was accused and he was informed of his rights and I explained the whole situation to him." According to Buchanan, he was not advised he could have counsel present. At this line-up Buchanan was identified by Milton as the one who had robbed him. At the time of the line-up Buchanan had not been indicted, had employed no counsel nor had counsel been appointed for him.

At the trial Milton was asked on direct examination if the person who robbed him was present in the courtroom, to which Milton replied affirmatively and identified Buchanan. The fact of the pre-trial confrontation was brought out on cross-examination of Milton, after

which a motion to suppress the in-court identification was made and overruled.

The critical issue presented in this appeal is whether the in-court identification of Buchanan by Milton was admissible.

Buchanan contends that it was error for the trial court to refuse to suppress Milton's testimony relating to the in-court identification because Milton had prior to trial identified him in a police line-up in the absence of counsel and in the absence of a waiver of the right to counsel. In support of his contention Buchanan relies on *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and *Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), decided on the same day.

In *Wade* it was held that a post-indictment line-up is a critical stage of the proceedings against a defendant, and that defendant's constitutional right to counsel, under the Sixth Amendment, was denied when he was subjected to a post-indictment line-up without notice to and in absence of his previously court-appointed counsel, absent waiver of that right. The same holding was made in *Gilbert* which also involved a post-indictment line-up in the absence of and without notice to court-appointed counsel. In *Stovall v. Denno*, 388 U.S. 293, 300, 87 S.Ct. 1967, 1971, 18 L.Ed.2d 1199, 1205 (1967), decided along with *Wade* and *Gilbert* the court held that those decisions were to have only prospective application. The effect then of *Wade* and *Gilbert* was to expand, from that date, the dimensions of the rights theretofore enjoyed by an accused. The dimensions were expanded to include the right to counsel at a post-indictment confrontation between the accused and the witness.

Buchanan urges us to apply those decisions to the case at bar. The crucial inquiry then becomes whether *Wade* and *Gilbert*, factually presenting questions related solely to post-indictment line-ups conducted after appointment of counsel, should be held to apply to the line-up involved in this case, conducted several hours after occurrence of the offense and before indictment and appointment of counsel. We believe the inquiry should be answered in the negative.

While it might be argued from the broad language employed in *Wade* and *Gilbert* that the Supreme Court would require presence of counsel at every pre-trial witness-suspect confrontation, such a proposition has been almost universally rejected by lower appellate courts, both state and federal.

In *People v. Palmer*, 41 Ill.2d 571, 244 N.E.2d 173 (1969), the court held that *Wade* and *Gilbert* apply only to post-indictment line-

ups since the Supreme Court in those cases and the subsequent case of *Simmons* v. *United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), expressly refers only to such confrontations.

In *Russell* v. *United States*, 408 F.2d 1280 (D.C. Cir. 1969) *cert. denied*, 395 U.S. 928, 89 S.Ct. 1786, 23 L.Ed.2d 245, it was held that it was not improper for the police to subject a suspect to a confrontation, at the scene of a crime, by one who has seen him "minutes before". 408 F.2d at 1284. Likewise *Bates* v. *United States*, 405 F.2d 1104 (D.C. Cir. 1968), in an opinion by the now Chief Justice of the United States Supreme Court, held that there is no prohibition against a single-suspect identification when this occurs "*near* the time of the alleged criminal act." [Emphasis added] 405 F.2d at 1106.

In *Martin* v. *Commonwealth*, 210 Va. 686, 173 S.E.2d 794, decided this day, we held that at an identification of the defendant by an eye-witness "fifteen or twenty minutes" after the crime no counsel was required.

Thus, from these cases interpreting *Wade* and *Gilbert*, it appears that there is no fixed time between crime and indictment when there accrues the right to counsel at a witness-suspect confrontation. When and if that time does arrive in a given case should depend, as the Supreme Court said in *Stovall*, "on the totality of the circumstances" surrounding the confrontation. 388 U.S. at 302, 87 S.Ct. at 1972, 18 L.Ed.2d at 1206.

Here, the line-up identification of Buchanan took place only twelve hours after an offense occurring at nighttime. He had not been indicted at the time of the confrontation, and there was no counsel to be notified that a line-up was to be held. There was nothing in the situation detracting from "the desirable objective of fresh, accurate identification" which Judge Burger emphasized in the *Bates* case, *supra*, 405 F.2d at 1106.

Under the circumstances of this case we hold that *Wade* and *Gilbert* are inapplicable, and that Buchanan was denied no constitutional right by the absence of counsel at the pre-indictment line-up.

It follows then that since Buchanan had no constitutional right to counsel at the time of the confrontation, it was not error for the court to deny the motion to suppress the in-court identification, made on the ground that such a right had been denied.

The judgment appealed from is

*Affirmed.*