THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH C. LAURENSON, Defendant-Appellant.

(No. 53283; ▓▓▓▓▓▓▓▓)

First District—January 27, 1971.

*Rehearing denied February 24, 1971.*

Gerald W. Getty, Public Defender, of Chicago, (Shelvin Singer and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Matthew P. Walsh, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Kenneth Laurenson, was convicted of armed robbery after a bench trial in the circuit court of Cook County and sentenced to the Illinois State Penitentiary for not less than three nor more than ten years. He was one of three men indicted for armed robbery but was tried separately.

Defendant contends on this appeal that the identification procedures employed by the police were a denial of due process, and it was error to permit the in-court identification because it was tainted by the out-of-court identification. He further contends the identification was insufficient to sustain the conviction beyond a reasonable doubt. He also claims error by the trial court, claiming it disregarded defendant's evidence of alibi.

On August 24, 1967, between 11:00 P.M. and 11:45 P.M., three armed

men robbed the store owned by Mrs. Anne Wenclawski. A fourth man waited in the parking lot of the store in a blue station wagon automobile. The defendant herein is accused of being the driver of that station wagon.

Mrs. Joanne Backal drove into the parking lot about 11:00 P.M. and passed a blue station wagon parked in front of the food mart. As she went from her car into the store, she glanced at the driver of the station wagon. She said his left arm was outside the car door, and he had on a short-sleeved shirt, leaving most of his arm bare. She did not recall seeing tattoos on the arm. The defendant in this case has the better portion of his left arm tattooed. Mrs. Backal left her children in her car and went into the store and was there during the robbery. As the robbers left the store, she got up from the floor and saw them get into the blue station wagon. Immediately after the robbery she gave the description of the station wagon to the police, but did not give a description of the driver of the car. On September 20, 1967, she was subpoenaed to appear at a preliminary hearing at the Oak Lawn courtroom, and in the side room of the court she was handed three pictures. The subpoena had the defendant's name on it, and when the defendant's name was called he was taken into the courtroom handcuffed and accompanied by a police officer, where she saw him. Defendant was taken out of the courtroom and later again called by name. He was then brought into the court with the two men who were identified as the participants in the robbery of the food mart. Mrs. Backal was asked in open court if the person who was the driver of the robbery car was in court. She said, "Yes, that fellow Kenneth Laurenson." She then testified the driver of the car did not have a hat on and his hair was dark. Upon trial of this cause some time later, she testi-fied the driver had light hair; she identified the defendant at the trial as the driver of the robbery car. This defendant had been arrested with two other men in Memphis, Tennessee, on August 28, 1967, and brought back to Chicago. The two were identified as participants in the robbery of the store. The defendant denied he took any part in the robbery or drove the get-away car and testified he was at his apartment with a friend at the time of the robbery.

A Mrs. Marilyn Bozec testified she was at defendant's apartment with her infant daughter and the defendant on August 24, 1967, between 11:00 and 11:45 P.M. Defendant further testified that he had a brown 1961 Oldsmobile. The record is silent as to what happened to the blue station wagon used in the get-away, and there is no evidence linking defendant to a blue station wagon, other than Mrs. Backal's testimony. Defendant testified he had tattoos on his left arm for several years, and three photographs of defendant's left arm were introduced into evidence.

This is a single identification case. Defendant complains that Mrs.

4

Backal was not called upon to give a description of the driver of the station wagon at the time of the robbery, nor was she called upon to view the defendant, although he was in custody of the police from August 28, 1967, until the preliminary hearing on September 20, 1967, at Oak Lawn court. The three pictures handed to her shortly before the preliminary hearing was held were one of Laurenson,, the defendant herein, and one each of two other men identified as robbers in this case, whom she had seen in the store during the robbery. No reason is given by the police for not holding a lineup or showup and for giving her only three pictures, two of the men already having been identified as participants in this robbery.

The United States Supreme Court said in *Stovall v. Denno* (1966), 388 U.S. 293:

"The practice of showing a suspect single pictures for the purpose of identification and not as part of a line-up has been widely condemned."

The court held that where the identification procedures are so highly suggestive as to be conducive to mistaken identity, basic due procees is violated. The court approved the decision reversing because of suggestive identification procedure in *Palmer v. Peyton* (1966), 359 F.2d 199. Our own Illinois Supreme Court in *People v. Gardner* (1966), 35 Ill.2d 564, said:

"Of all the factors that account for the conviction of the innocent, the fallibility of the eye witness identification ranks at the top, far above any of the others."

In *People v. Thomas Holiday*, No. 42161, decided December 4, 1970, our Illinois Supreme Court said:

"There is no need to resort to the use of photographs when a suspect is available for a fair lineup, which may be expected to yield a better opportunity for observation and accurate identification. We agree that the use of photographs as a basis for identification is ordinarily not a desirable practice when the suspect is in custody and a lineup is feasible, for the photo procedure detracts from the quality of any identification which follows. We believe that photographic identification procedures ought not to be employed when the suspect is in custody and a lineup is otherwise feasible."

The defendant in this case offered an alibi, which is an affirmative defense, and corroborated it with the testimony of Mrs. Bozec, which alibi was unrebutted by the State; neither was the alibi witness impeached.

Taking this record as a whole, it appears to us that Mrs. Backal had but a fleeting glance at the driver of the blue station wagon parked in the parking lot of the store and that was from a distance of from twenty-five to thirty-five feet from her car. She was undoubtedly interested in

her children whom she was leaving in her car when she entered the store, whereupon the robbery took place. Why the police did not ask her for a description of the driver of the station wagon at that time, or why the police held the defendant, Laurenson, in custody for three weeks without holding a lineup or showup is unexplained, but to us it indicates a long period of time of uncertainty on the part of the police, with no attempt to have Mrs. Backal identify the defendant. The manner in which three pictures were shown to Mrs. Backal left her no choice or selection and was highly suggestive, particularly in view of the fact that she already had a subpoena in her possession with the name of Kenneth Laurenson on it, and she was present in court when his name was called and he appeared in handcuffs. All of this taken together, and by the authority of the United States Supreme Court and the Illinois Supreme Court in the cases cited herein, we think the defendant was deprived of a fair trial and of due process of law, and further that the evidence was so vague and uncertain that it was not beyond a reasonable doubt.

For the reasons stated herein the conviction is reversed.

Judgment reversed.

ADESKO, P. J., and BURMAN, J., concur.