THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY INNISS, Defendant-Appellant.

(No. 55395; ▬▬▬▬▬▬)

First District—September 14, 1971.

Gerald W. Getty, Public Defender of Cook County, of Chicago, (James N. Gramenos, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago, (Robert A. Novelle and Themis N. Karnezis, Assistant State's Attorneys, of counsel,) for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Defendant appeals from a judgment finding him guilty of theft and criminal trespass to an automobile, whereinafter defendant was sentenced to one (1) to five (5) years in the Illinois State Penitentiary.

Defendant contends that when the trial court precluded defendant from retaining private counsel before the imposition of sentence and compelled defendant to proceed with court appointed counsel, defendant was deprived of his constitutional right to meaningful assistance of counsel.

The record pertinent to the issue before this court is as follows:

"THE COURT: All right. We have had hearing in aggravation and mitigation, and the court was going to review the facts in this case briefly together with the pre-sentence investigation. And it is at this time ready to proceed sentencing. And before the court does that, Larry, is there anything that you would like to say?

DEFENDANT: Well, if it's going to be a sentencing, Judge, I would like to know if I could have a continuance or a bond reduction. I have money to make bond and hire a lawyer.

THE COURT: Is there anything you have got to say connected with this case before the court? I presume you are talking about an appeal bond.

DEFENDANT: I would like to just make bond, period.

THE COURT: Is there anything further you have to say?

DEFENDANT: No, there isn't."

■■ The right to counsel as guaranteed by the Sixth and Fourteenth Amendments to the Federal Constitution, section 9, article II of the Illinois Constitution and section 113-3 of chapter 38, Illinois Revised Statutes (1969) includes the right to be represented by counsel of one's own choice. *People v. Green* (1969), 42 Ill.2d 555; *People v. Payne* (1970), 46 Ill.2d 585; and authorities cited therein. However, in *People v. Solomon* (1962), 24 Ill.2d 586 at page 590 the court observed that:

"While an accused in a criminal case does indeed have the constitutional right to be represented by counsel of his own choosing, it is likewise true that such right may not be employed as a weapon to in-

definitely thwart the administration of justice, or to otherwise embarrass the effective prosecution of crime."

At arraignment, the public defender was appointed to represent defendant without objection and represented defendant at the trial, the hearing in aggravation and mitigation and at the time of sentencing.

A fair and objective reading of the recited colloquy reflects that defendant initially requested a continuance, then a bond reduction and finally advised the court that he had funds with which to make bond and to retain a lawyer. Upon further questioning by the court, defendant crystalized his intentions by expressing that his only request was to make bond.

■■■ The granting of a continuance, bond reduction and substitution of counsel, necessarily depends upon the particular facts and circumstances surrounding the request, and is a matter resting within the sound judicial discretion of the trial court. *Solomon, supra.* We fail to perceive, under this record, any abuse of that discretion or an infringement of a constitutional right. It is significant to note that seven (7) days after sentencing, defendant, in seeking a free transcript, filed an affidavit that he was without funds. Therefore, we affirm.

Judgment affirmed.

LEIGHTON, P. J., and SCHWARTZ, J., concur.