PATRICK BAKER, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 6582

June 21, 1972                    498 P.2d 1310

*Robert G. Legakes,* Public Defender, and *Jerrold J. Courtney,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, of Carson City, and *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy of Appeals, Clark County, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

Convicted of robbery in violation of NRS 200.380, appellant contends his constitutional rights were violated:

(1) when police officers allowed the victim to view appellant and six other men in a "lineup" conducted before he was formally charged, with a public defender present whose counsel appellant rejected, but without counsel of his own choice;

(2) when a justice of the peace, conducting a preliminary examination to determine probable cause for the criminal complaint filed after the lineup, denied a motion by counsel for one of his co-defendants to allow defendants to sit in the spectator section of the courtroom, rather than at counsel table.

Appellant contends the lineup violated his Sixth Amendment right to counsel as declared by United States v. Wade, 388 U.S. 218 (1967), and Gilbert v. California, 388 U.S. 263 (1967). He apparently contends the preliminary examination deprived him of due process in violation of the Fourteenth Amendment, by exposing him to identification in a prejudicially suggestive grouping, contrary to Stovall v. Denno, 388 U.S. 293 (1967). Appellant therefore urges he is "entitled to a reversal of his conviction and to a new trial in which an in-court identification will be prohibited." Rejecting these contentions, we affirm the judgment.

1. In United States v. Wade, cited above, the United States Supreme Court held the Sixth Amendment was violated by a post-indictment lineup conducted in the absence of defendant's counsel:

"Since it appears that there is grave potential for prejudice, intentional or not, in the pretrial lineup, which may not be capable of reconstruction at trial, and since presence of counsel itself can often avert prejudice and assure a meaningful confrontation at trial, there can be little doubt that for Wade the post-indictment lineup was a critical stage of the prosecution at which he was 'as much entitled to such aid [of counsel] . . . as at the trial itself.' *Powell* v. *Alabama,* 287 U.S. 45, 57. Thus both Wade and his counsel should have been notified of the impending lineup, and counsel's presence should have been a requisite to conduct of the lineup, absent an 'intelligent waiver.' " Id., at 236–237.

In *Wade* and the companion case of Gilbert v. California, the Court determined "courtroom identifications of an accused at trial are to be excluded from evidence because the accused was exhibited to the witnesses before trial at a post-indictment lineup conducted for identification purposes without notice to and in the absence of the accused's appointed counsel," unless the government establishes "by clear and convincing evidence that the in-court identifications were based upon observations of the suspect other than the lineup identification." 388 U.S. at 219–220, 240. If an in-court identification is erroneously allowed, reversal is required unless the error is shown harmless beyond a reasonable doubt. 388 U.S. at 242. The Court left "open the question whether the presence of substitute counsel might not suffice where identification and presence of the suspect's own counsel would result in prejudicial delay," 388 U.S. at 237, and did not discuss the prospect that a defendant might reject substitute counsel.

In Stovall v. Denno, cited above, the Court refused to apply the doctrine of *Wade* and *Gilbert* "retroactively," but held the defendant's Fourteenth Amendment rights might be violated in any event if the confrontation "was so unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law." 388 U.S. at 302. "This," the Court said, "is a recognized ground of attack upon a conviction independent of any right to counsel claim." 388 U.S. at 302.

On June 7 of this year, the United States Supreme Court held, contrary to common belief, that the doctrine of *Wade*

and *Gilbert* does not establish a right to counsel at an identification lineup conducted before commencement of "any prosecution whatever." Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877 (1972).[1] The plurality opinion, delivered by Mr. Justice Stewart, indicates such lineups are to be tested by the standards of *Stovall:*

"What has been said is not to suggest that there may not be occasions during the course of a criminal investigation when the police do abuse identification procedures. Such abuses are not beyond the reach of the Constitution. As the Court pointed out in *Wade* itself, it is always necessary to 'scrutinize *any* pretrial confrontation. . . .' 388 U.S., at 227. The Due Process Clause of the Fifth and Fourteenth Amendments forbids a lineup that is unnecessarily suggestive and conducive to irreparable mistaken identification. *Stovall* v.

---

[1]Most courts, including the Ninth Circuit Court of Appeals, have held *Wade* and *Gilbert* applicable to lineups conducted when a defendant is in custody but not formally charged. See, for example: United States v. Phillips, 427 F.2d 1035 (9th Cir. 1970); Commonwealth v. Guillory, 254 N.E.2d 427 (Mass. 1970); Hayes v. State, 175 N.W.2d 625 (Wis. 1970); In re Holley, 268 A.2d 723 (R.I. 1970); Commonwealth v. Whiting, 266 A.2d 738 (Pa. 1970); People v. Hutton, 175 N.W.2d 860 (Mich.App. 1970); People v. Fowler, 461 P.2d 643 (Cal. 1969); Palmer v. State, 249 A.2d 482 (Md.App. 1969); Rivers v. United States, 400 F.2d 935 (5th Cir. 1968). This court assumed that to be the law in Thompson v. State, 85 Nev. 134, 451 P.2d 704 (1969).

Indeed, at least one court has heretofore applied *Wade* and *Gilbert* to confrontations before arrest. United States v. Greene, 429 F.2d 193 (D.C.Cir. 1970); Long v. United States, 424 F.2d 799 (D.C.Cir. 1969).

However, Arizona has held *Wade-Gilbert* applicable only to post-indictment or post-information confrontations, not to one at a preliminary hearing held to determine probable cause. State v. Fields, 455 P.2d 964 (Ariz. 1969). Florida has held *Wade-Gilbert* inapplicable to out-of-court photographic and custodial identifications, because they occurred before indictment. Perkins v. State, 228 So.2d 382 (Fla. 1969). Similarly, Missouri has approved a lineup after arrest but before any formal charges, saying *Wade* and *Gilbert* apply only post-indictment. State v. Walters, 457 S.W.2d 817 (Mo. 1970). Virginia has refused to apply *Wade-Gilbert* to a lineup after arrest but before any formal charges, saying the time at which right to counsel accrues between arrest and indictment depends "on the totality of the circumstances." Buchanan v. Commonwealth, 173 S.E.2d 792, 794 (Va. 1970).

The District Attorney has assumed the applicability of the *Wade-Gilbert* doctrine to the case at bar, seeking to avoid its force by contentions concerning the presence of adequate substitute counsel, the independent origin of the victim's trial identification, and the harmlessness of any error in conducting the lineup without counsel of appellant's choice.

We have withheld our decision pending examination of the opinion in Kirby v. Illinois, cited above.

*Denno,* 388 U.S. 293; *Foster* v. *California,* 394 U.S. 440. When a person has not been formally charged with a criminal offense, *Stovall* strikes the appropriate constitutional balance between the right of a suspect to be protected from prejudicial procedures and the interest of society in the prompt and purposeful investigation of an unsolved crime." 11 CrL at 3075.

Chief Justice Burger, Justice Blackmun and Justice Rehnquist endorsed Justice Stewart's view; Justice Powell said only: "As I would not extend the *Wade-Gilbert per se* exclusionary rule, I concur in the result reached by the Court." 11 CrL at 3075. Hence, a majority held *Wade-Gilbert* does not apply to a lineup conducted before a defendant is "charged." (What the members of this majority consider a sufficiently formal charge is subject to question, particularly in the case of Justice Powell, who may believe *Wade-Gilbert* applies only to post-indictment or post-information.) The same majority concluded such lineups are constitutional, at least when the doctrine of *Stovall* is not offended, and a four-member plurality stated they are to be measured by *Stovall.*

Appellant has not urged the lineup here was prejudicially suggestive, within the purview of *Stovall,* and because it was conducted before any charges were lodged against appellant, we need not consider arguments presented under *Wade* and *Gilbert.*[2]

2. Appellant's contention that he was required to sit at counsel table during his preliminary examination, and thus unwillingly exposed to identification in a prejudicially suggestive grouping, is inaccurate, an afterthought, and unsupported by authority.

While appellant's brief asserts that "[a]t the preliminary hearing, counsel for defendants asked to have the defendants remain in the audience until after an identification," the record shows only counsel for co-defendant Williams made such a motion. The justice of the peace denied that motion, saying: "Well, I would be subject to ruling in favor of the defendant at this time if the lineup had not been held and an identification made." Despite this, appellant's counsel made no motion himself, nor did he point out that appellant was not identified at the lineup. It appears appellant's counsel let him accept the

[2]Since lineups conducted before institution of charges will apparently remain subject to challenge for unfairness under *Stovall,* and since defense counsel's presence will not only tend to assure fairness but to avoid claims of unfairness, we suggest that police in Nevada should continue their practice of allowing counsel's presence at identification lineups, and of preserving a record of photographic lineups as suggested in Thompson v. State, 85 Nev. 134, 451 P.2d 704 (1969).

usual seating arrangement, without objection; thus, he cannot now be heard to complain.

Furthermore, although appellant's brief says his "counsel moved to dismiss this charge because of the defects of the lineup at the preliminary hearing (f.036) and at trial (f.192)," the cited portions of the record reflect no suggestion, either to the justice of the peace or to the trial judge, that sitting at counsel table during preliminary hearing was offensive to due process. Nor is it claimed now that trial counsel did not know how to raise the issue. Cf. Henry v. Mississippi, 379 U.S. 443 (1965). Thus, we decline to entertain this objection to the victim's trial identification of appellant, raised for the first time on appeal. Merica v. State, 87 Nev. 457, 488 P.2d 1161 (1971); Kelly v. State, 76 Nev. 65, 348 P.2d 966 (1960).

Moreover, appellant's counsel has referred us only generally to Stovall v. Denno, without marshaling authorities or serious argument to show *Stovall* is applicable to in-court identifications at preliminary examinations with counsel present. We reserve judgment, until the question is properly preserved and adequately presented for our review. Cf. Carson v. Sheriff, 87 Nev. 357, 487 P.2d 334 (1971).[3]

---

[3]In *Stovall,* the U.S. Supreme Court said: "The practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup, has been widely condemned." 388 U.S. at 302.

Referring to this language, the court in Coleman v. State, 258 A.2d 42 (Md.App. 1969), held that a confrontation at a preliminary hearing conducted in the absence of counsel, while not *per se* unlawful under *Wade,* may nonetheless deny due process by tainting later identification at trial, and "whether it does or not depends on all the relevant circumstances in each case." Id., at 47. The court reversed defendant's conviction, where a witness had been unable to identify him at an earlier lineup, and trial identification was apparently induced by seeing him alone and in custody at the preliminary hearing.

In Mason v. United States, 414 F.2d 1176 (D.C.Cir. 1969), the court held no exception to the *Wade* case exists in relation to confrontations that occur at preliminary hearings, so that a bank teller's identification of defendant at preliminary hearing, when he was without counsel, was inadmissible at trial. To be consistent, the court would be constrained to hold that if counsel is present at a preliminary hearing, the propriety of any confrontation should be measured by *Stovall.*

In People v. Laurenson, 268 N.E.2d 183 (Ill.App. 1971), the court held a robbery witness's view of a defendant at a preliminary hearing was so suggestive, in light of a suggestive photo display that immediately preceded it, that the defendant was deprived of a fair trial and due process of law.

As we have previously said: "Before enunciating the effect of such authorities, and the validity of such arguments, we prefer to wait until

Finally, appellant's position is untenable for other reasons. First, the trial judge held the State had sufficiently shown the victim's trial identification had an independent origin. We cannot say that determination was unsupported by the record. Hence, even if an impermissibly suggestive grouping occurred at appellant's preliminary examination, his trial identification did not deny him due process. Hernandez v. State, 87 Nev. 553, 490 P.2d 1245 (1971); Carmichel v. State, 86 Nev. 205, 467 P.2d 108 (1970); Thompson v. State, 85 Nev. 134, 451 P.2d 704 (1969). Second, this case would compel application of the harmless error doctrine. United States v. Wade, cited above; cf. Chapman v. California, 386 U.S. 18 (1967).[4]

Affirmed.

ZENOFF, C. J., and BATJER, MOWBRAY, and THOMPSON, JJ., concur.

we are favored with briefs marshaling them in relation to the facts of a given case." Carson v. Sheriff, cited above, 87 Nev. at 360, 487 P.2d at 336.

However, since the question is substantial, when doubt exists as to a witness's capacity to identify a defendant, and a defendant raises the issue, we think preliminary examinations should be structured so that a witness is required to make an honest and independent identification.

[4]The victim immediately telephoned the police to report his robbery by three young black men. A mile and a half away, while central control still was talking to the victim, officers who heard the radio alert saw a car containing appellant and two other men, who fit this description, proceeding away from the victim's store. The officers asked central control to ascertain if one of the robbers had been wearing a black jacket; the victim responded affirmatively. When the officers then attempted to stop the car by displaying a red light, they saw one of its occupants look back; the car then accelerated to a high speed, ran a red light, and did not stop until the officers had fired two shots at it. The front seat was occupied by two men whom the victim not only identified at appellant's preliminary examination, but picked out of the stationhouse lineup. Appellant was in the rear seat with a black jacket, and with wrapped and labeled merchandise like that taken from the victim. A gun was used in the robbery; one was found in the vehicle. Appellant took the stand and explained possession of the gun and merchandise by saying he was just helping a friend move. The gun, and the merchandise like that stolen from the victim, were the only items in the car that appellant claimed to be moving for his friend. Appellant's testimony was otherwise incredible and, even upon a reading of the cold record, totally unworthy of belief. We see no possibility that an incorrect result was reached in this case.