THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALBERT WILLIAMS, Defendant-Appellant.

(No. 11491;

Fourth District—August 23, 1972.

*Modified upon denial of rehearing September 22, 1972.*

Kenneth L. Gillis, of Defender Project, of Chicago, for appellant.

Basil G. Greanias, State's Attorney, of Decatur, for the People.

## OPINION AS MODIFIED UPON DENIAL OF PETITION FOR REHEARING

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant was found guilty by jury verdict upon an indictment for forgery. Sentence of eight to fourteen years was imposed. Issues upon appeal include: (1) the asserted denial of the right to counsel of choice; (2) the in-court identification of defendant should have been suppressed; (3) that the court erred in instructing the jury from an IPI Criminal Instruction concerning the weight to be given to a confession; (4) that

argument by the prosecution was prejudicial, and (5) that the sentence was excessive. Certain issues including the sufficiency of the indictment were waived during oral argument.

Defendant's appointed counsel requested an examination of defendant to ascertain his competence to stand trial, representing to the court that defendant has stated that he did not have to and would not go to trial upon the indictment. This request proved to be relevant, for although counsel probably did not then know the facts, defendant had been twice committed to the Lincoln State School and once committed to the Security Hospital of Menard. The appointed psychiatrist determined that defendant was competent to understand the charges and cooperate with counsel, but counsel's motion outraged the defendant as a gross betrayal contrary to his interests and proper representation.

Defendant had initially obtained time to seek counsel, but then elected to accept appointed counsel in preference to having his brother pay the attorney's fees. After the psychiatric examination, he denounced his appointed counsel and proposed that he be released upon his personal recognizance so that he might obtain a job and earn money to retain an attorney. The court pointed out that it was the duty of the court and of counsel to ascertain the competency of defendant and denied the motion. The trial proceeded, and there are no complaints of counsel's handling of the case.

When court convened following the close of prosecution's evidence, the court was advised that defendant's brother had obtained a lawyer from St. Louis whose name and whereabouts were unknown to the defendant and defendant requested a continuance. We find no error in the court's denial of the continuance at this stage of the proceeding. Defendant cited *People v. Payne*, 46 Ill.2d 585, 264 N.E.2d 167, and *People v. Green*, 42 Ill.2d 555, 248 N.E.2d 116. In each case defendant's counsel had been retained prior to the commencement of trial but was unavailable on a particular date. It was held to be error to require defendant to proceed to trial with counsel appointed on short notice. In *People v. Inniss*, 1 Ill.App.3d 531, 275 N.E.2d 218, defendant had proceeded with appointed counsel through trial and hearing in aggravation and mitigation. At the time allocated for sentence he asked for continuance to get an attorney. In *People v. MacArthur*, 2 Ill.App.3d 1077, 278 N.E.2d 530, defendant asserted indigence and the public defender was appointed. After a witness was sworn he asked for continuance to get another lawyer. In each of the latter cases, it was determined that there was no error in the denial of the continuance.

██ Here, defendant had obtained appointed counsel upon assertion of indigence. It is apparent that even if the interrupting delay of the trial

by continuance was not considered a belated effort to thwart the ordinary procedures of justice, it is apparent that newly obtained counsel entering the case at this stage could not effectively serve during the balance of the trial. We find no error.

It is argued that the in-court identification of defendant should have been suppressed, although such issue was never in fact presented to the trial court. A witness identified the defendant as the one who presented the forged check, together with certain purported identification at 11:00 A.M. in a well lighted drug store. The transaction took several minutes and it is noted that the witness, within some 15 minutes, called the purported maker of the check and thereafter, within a short time, called the police concerning the transaction.

■■■ The witness testified that he has seen defendant in the store on several occasions, but that the check transaction was the only business between them. Upon cross-examination, the witness was asked if he had seen defendant since. He answered that he had not, but that he had seen a photograph. The matter was thereupon dropped. No inquiry was made as to the time the photograph was seen by the witness, particularly in relation to the time the defendant was held in custody. In *People v. Tuttle*, 3 Ill.App.3d 326, 278 N.E.2d 458, it is stated that upon a motion to suppress, defendant has the burden to prove that the showing of the photograph to the witness was both suggestive and unnecessary under the circumstances as where the defendant is in custody and available for a lineup, but it is held that even where the procedure is unnecessary the in-court identification is admissible if the record shows clear and convincing evidence that such identification has a basis independant of the view of the photograph. Defendant cites *People v. Holiday*, 47 Ill.2d 300, 265 N.E.2d 634, and *People v. Laurenson*, 131 Ill.App.2d 2, 268 N.E.2d 183. In each case, however, the identification witness observed the defendant but briefly under doubtful conditions of light, and it was not clearly apparent that the identification had an origin independent of the view of the photograph.

■■ In the context of the totality of the circumstances in evidence, this record does not demonstrate any factors that either taint the in-court identification or violate any constitutional rights of the defendant. (*People v. Perry*, 47 Ill.2d 402, 266 N.E.2d 330.) This record supports the conclusion that the identification had an origin independent of any view of a photograph. *People v. Martin*, 47 Ill.2d 331, 265 N.E.2d 685.

■■ The court instructed the jury in the language of IPI Criminal, 3.07: "You have before you evidence that the defendant confessed that he committed the crime charged in the indictment. It is for you to determine whether the defendant confessed, and, if so, what weight

should be given to the confession. In determining the weight to be given to a confession, you should consider all of the circumstances under which it was made."

Defendant asserts that the latter part of the second sentence in the instruction should read:

"[A]nd, if so, what weight, *if any*, should be given to the confession." It is argued that absent the underscored words inserted, the instruction demands that the jury give some weight to the confession and that, as given, the jury is not permitted to assign "zero weight" to the confession. The issue was not presented to the trial court in the instruction conference, but here is said to be "plain error". No authority for this argument is provided other than certain excerpts illustrative of the legalistic redundancy frequently found in some judicial writing. As an adjective, the word "what" has the meaning "how much". (Webster's Seventh New Collegiate Dictionary, 1963.) This definition does not, by its terms, exclude a zero value. It is not contended that the word "weight" appearing in the final sentence of the instruction requires any modification. The drafting note which accompanies the published form of the instruction states that the jury is to give a confession "such weight" as the jury determines it is entitled to. The argument ignores the plain meaning of the words.

■■ In asserting prejudicial argument by the State's Attorney, counsel on appeal has shown utter disregard for the rules concerning abstracts filed in this Court. He has simply set out the several sentences which are said to be prejudicial. This practice becomes notably objectionable upon discovery that the language to which complaint is made was, in fact, provoked by trial counsel's argument injecting matter not an issue before the jury. (*People v. Mirmelli*, 130 Ill.App.2d 1, 264 N.E.2d 470.) This argument will not be considered.

■■ Upon petition for rehearing, it is deemed appropriate that upon the authority of Supreme Court Rule 615, the sentence be modified to provide a minimum sentence of three years, six months, and a maximum sentence of ten years, and the court below is directed to provide *mittimus* for such sentence.

The judgment of conviction and the sentence as modified are affirmed.

Affirmed as modified.

SMITH and CRAVEN, JJ., concur.