DANNY L. McNEES, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 6607

July 19, 1973                                    511 P.2d 1324

*Morgan D. Harris,* Public Defender, and *Theodore J. Manos,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

Convicted of robbery, a violation of NRS 200.380, appellant seeks reversal of his conviction because of several alleged

errors in the proceedings below. The only contention that merits discussion relates to his claim that the lineup identification procedures infringed his constitutional rights.

The record reflects that an all night grocery store in Las Vegas, Nevada, was robbed during the early morning hours of July 16, 1970. The store manager and a customer gave police officers a detailed description of the perpetrator of the offense. An informant subsequently telephoned the authorities and stated that he suspected that appellant had committed the robbery. The informant's description of appellant matched that given by the store manager and the witness. Appellant was subsequently arrested and placed in a lineup to be viewed by the store manager and the customer.

Appellant's counsel objected to the content of the lineup just prior to the viewing by the two witnesses. The authorities made the changes in the composition of the lineup suggested by appellant's counsel, who then indicated that he had no objection to the reconstituted lineup. The viewing proceeded and appellant was identified as the perpetrator of the robbery. He was later charged, tried and convicted. The appellant was again positively identified, both at the preliminary examination and at trial, without reference to the lineup identification. See Baker v. State, 88 Nev. 369, 498 P.2d 1310 (1972).

A pre-trial motion to suppress the lineup identification was denied by the trial judge and the thrust of appellant's argument on appeal suggests that the content of the lineup was "unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law," as proscribed by Stovall v. Denno, 388 U.S. 293, 302 (1967). We reject that contention. Any infirmity in the composition of the lineup was corrected at the suggestion of appellant's counsel who, after the changes were made, agreed that the viewing should proceed. Under this factual situation there was no infringement of appellant's constitutional rights.

Other alleged errors are equally without merit and the judgment is affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and ZENOFF, JJ., concur.