EUGENE M. MARQUEZ, Appellant, v. THE STATE
OF NEVADA, Respondent.

No. 7428

July 23, 1975                          538 P.2d 156

*Horace R. Goff,* State Public Defender, and *Michael R.
Griffin,* Deputy State Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *Larry R. Hicks,*
District Attorney, and *Kathleen M. Wall,* Deputy District
Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

A jury found Eugene M. Marquez guilty on two separate counts of robbery (NRS 200.380) and he is now incarcerated in the Nevada State Prison.

In this appeal, the opening brief was prepared and filed by counsel in compliance with the requirements of Anders v. California, 386 U.S. 738 (1967), and Sanchez v. State, 85 Nev. 95, 450 P.2d 793 (1969). Marquez also personally filed a supplement to his counsel's brief.

A prosecution witness, who was unable to identify Marquez from a photographic lineup which was conducted prior to the time the instant charges were lodged, positively identified Marquez at the preliminary examination.

Marquez then filed a pretrial motion to suppress any "in-court" identification. The motion was denied and on appeal Marquez alleges his constitutional rights were infringed because (1) he was not represenated by counsel at the lineup; and (2) the lineup was so impermissibly suggestive that any subsequent identification would be tainted.

1. In view of the decision in Kirby v. Illinois, 406 U.S. 682 (1972), and our opinion in Baker v. State, 88 Nev. 369, 498 P.2d 1310 (1972), the lack of counsel at the lineup did not infringe upon appellant's constitutional rights.

2. The trial judge determined the photographic lineup was properly conducted and Marquez has failed to demonstrate any error in that determination. *Kirby, supra; Baker, supra,* and cases cited therein.

3. Marquez also suggests his conviction should be reversed because the trial court denied his motion to dismiss the all-male jury panel. His argument was that in a prior trial for the same offenses, which resulted in a hung jury, there had been

14 men and 12 women on the panel and the absence of any women on the second panel was prejudicial.

A jury must constitute a segment of the community within the concept that the jury shall be drawn from a cross-section of the community. Bean v. State, 86 Nev. 80, 465 P.2d 133 (1970). However, the absence of representation of certain groups on a particular jury panel does not, of itself, infringe on the right to a fair and impartial jury. It is the *systematic* exclusion of members of a race or class that may taint a jury. Collins v. State, 88 Nev. 9, 492 P.2d 991 (1972).

There was no evidence offered by Marquez to even suggest the selection of jurors in Washoe County purposely and systematically discriminated against women. Purposeful discrimination may not be assumed, or merely asserted. It is necessary to make a factual showing of the systematic and purposeful exclusion of the group purportedly being discriminated against. Swain v. Alabama, 380 U.S. 202 (1965). Facts showing irregularity should be distinctly shown in the record. State of Nevada v. Roderigas, 7 Nev. 328 (1872). "If there was no evidence offered in support of the challenge, . . . it should have been disallowed as a matter of course." State of Nevada v. Rigg, 10 Nev. 284, 289 (1875).

Affirmed.