DEREK WESTENBARGER, Appellant, *v*. THE STATE OF NEVADA, Respondent.

No. 7897

July 23, 1975                              537 P.2d 1195

*Morgan D. Harris,* Public Defender, and *Joseph T. Bonaventure,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General; *George Holt,* District Attorney, and *Dan M. Seaton,* Deputy District Attorney, Clark County, for Respondent.

**OPINION**

*Per Curiam:*

A jury found Derek Westenbarger guilty of rape and robbery and he is now incarcerated in the Nevada State Prison. In this appeal Westenbarger's principal contentions suggest

we should reverse his conviction because: (1) there is insufficient evidence to support the verdict; (2) his counsel was not permitted to argue matters that were not in evidence; and (3) the photographic line-up conducted prior to the time he was charged was impermissibly suggestive.

1. "Where there is substantial evidence to support a verdict in a criminal case, as the record indicates exists in this case, the reviewing court will not disturb the verdict nor set aside the judgment." Sanders v. State, 90 Nev. 433, 434, 529 P.2d 206, 207 (1974).

2. During final summation to the jury the trial judge permitted appellant's counsel to argue that many convictions have resulted from mistaken identification; however, the judge rejected a request that counsel be permitted to read an article on identification from an issue of Time Magazine, noting that there had neither been a request to (a) introduce the article in evidence, nor (b) to have any expert testify as to the veracity of the content of the article. Although appellant contends exclusion of the article was error, he has cited no authority in direct support of the contention; accordingly, it is rejected.

3. The contention that the photographic line-up was impermissibly suggestive finds no support in this record. Kirby v. Illinois, 406 U.S. 682 (1972); Baker v. State, 88 Nev. 369, 498 P.2d 1310 (1972). Other contentions are equally without merit.

The judgment of conviction is affirmed.