NORMAN CECIL TRUAX, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 7840

September 29, 1975                    540 P.2d 104

*Lohse & Lohse Chartered,* Reno; *Coffin & Nicholls,* Reno; *Horace R. Goff,* State Public Defender, and *Michael R. Griffin,* Deputy Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *Larry R. Hicks,* District Attorney, and *Kathleen M. Wall,* Assistant Chief Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Norman Cecil Truax was convicted, by jury verdict, of burglary and sentenced to a seven year term in the Nevada State Prison.

The central contention on appeal is that the trial court committed reversible error when it permitted Terry Bullard, a prosecution witness, to make an in-court identification. Bullard, who worked at the company Truax was convicted of

burglarizing, had entered his employer's building and observed Truax and two other men in the process of burglarizing the establishment.

It is argued that, since Bullard failed to identify Truax at the first of two photographic lineups, the positive identification made at the second lineup—and at trial—was the result of "impermissible suggestiveness."

Bullard testified that in the first photograph Truax was not wearing glasses, as he was at the second lineup, and during the burglary, and that his in-court identification was based on the inadvertent and accidental confrontation with Truax during the burglary, not on repetitive viewing of the photographs.

This testimony, elicited at the hearing outside the presence of the jury, supports the trial judge's conclusion that the in-court identification was based on Bullard's independent observations of Truax, and not on the viewing of photographs. Moss v. State, 88 Nev. 19, 492 P.2d 1307 (1972). Cf. Baker v. State, 88 Nev. 369, 498 P.2d 1310 (1972).

In an ancillary contention Truax argues his constitutional rights were violated because he was not afforded counsel at the two "photographic lineups." Since the lineups were conducted prior to the time charges were filed, the contention is without merit. *Baker, supra.*

Truax also suggests "the trial as a whole was so improper as to constitute a denial of due process." In support of this omnibus contention, he alludes to several isolated events which occurred at different stages of the trial, none of which he deemed serious enough to warrant objections or prejudicial enough to warrant an assignment of error. Under these circumstances, the contention, which even now is not seriously argued or supported by competent authority, is summarily rejected. Cf. Septer v. Warden, 91 Nev. 84, 530 P.2d 1390 (1975), and cases cited therein.

Affirmed.[1]

---

[1]The Second Judicial District Court is directed to give appellant's court appointed counsel the certificate specified in NRS 7.260 in order that they may be compensated for their services on this appeal.