RICKY D. HUNTER

v.

COMMONWEALTH OF VIRGINIA

No. 0321-85

Decided October 7, 1986

COUNSEL

Henry L. Marsh, III (Hill, Tucker & Marsh, on brief), for appellant.

Lucy H. Allen, Assistant Attorney General (William G. Broaddus, Attorney General, on brief), for appellee.

OPINION

DUFF, J. — On February 15, 1985, Ricky D. Hunter was convicted by a jury of abduction with intent to defile, rape, and robbery of Mechelle Marquis Ayres and was sentenced to twenty years, life in prison, and fifteen years respectively. The sole issue presented by this appeal is whether Hunter was entitled to the presence of counsel at a pre-preliminary hearing, pre-indictment lineup.[1]

On October 25, 1983, at approximately 10:00 p.m., Mechelle Marquis Ayers came out of the post office in Mineral, Virginia, and found a black male standing in front of her car. The man, later identified as Ricky Hunter, said that he had run out of gas down the road and asked her if she knew of a gas station that was open. Mrs. Ayers told him no. As she started to get into her car, Hunter shoved her from behind, got behind the wheel, and drove her several miles out of town. He then turned onto a dirt road, and drove through a wooded area to a clearing where he stopped the car. Hunter raped Mrs. Ayers several times and took money from her purse, as well as other belongings from her car. He then drove back to the main road where he exited the car, saying, "I guess the next time I'll be seeing you I'll be going to jail."

Mrs. Ayers immediately contacted the police. That same evening, Investigator D. L. Bateman showed her a photo spread, but she could not positively identify anyone from it. From her descrip-

---

[1] In *United States v. Wade*, 388 U.S. 218 (1967) and *Gilbert v. California*, 388 U.S. 263 (1967), the Supreme Court held that a postindictment, pretrial lineup is a "critical stage" of the criminal prosecution and that the police conduct of such a lineup without notice to and in the absence of his counsel denies the accused his sixth amendment right to counsel.

In *Moore v. Illinois*, 434 U.S. 220 (1977), the *Wade-Gilbert* rule was extended beyond the indictment stage and was held to cover a corporeal identification conducted at a preliminary hearing.

tion, the police prepared a composite drawing of her attacker; however, Mrs. Ayers was not satisfied with it because it did not accurately portray her assailant's chin.

Several days later at the police station, Investigator Batemen interviewed Ricky Hunter. Hunter denied being in Mineral on the evening of the offense. He allowed the police to take a photograph of him. The next day, Mrs. Ayers was shown another photo spread including Hunter's photograph, which she positively identified as that of her attacker.

On the morning of October 31, 1983, Hunter was arrested and advised of his *Miranda* rights. Later that morning, he was informed by Investigator Bateman that a lineup was being conducted and that he had a right to have a lawyer present. Hunter replied that he had not decided who his attorney would be. Nothing further was discussed regarding an attorney. The lineup was conducted, and Mrs. Ayers identified the defendant. After the visual lineup, three voice lineups were conducted with the same subjects, including Hunter. Mrs. Ayers identified Hunter's voice as that of her assailant.[2]

The record further shows that at the time the victim selected the defendant in the lineups, she did not know Ricky Hunter. She had not been told that he had been arrested, only that the police had "some people they wanted her to look at."

Hunter concedes that there is no Virginia decision expressly mandating the presence of an attorney at a lineup conducted prior to a preliminary hearing or indictment. However, he argues that at this stage of the criminal proceedings, his limited education and borderline retardation, coupled with his response to Bateman's advice regarding his right to counsel, should trigger his sixth amendment right to counsel. He relies on language in *Buchanan v. Commonwealth*, 210 Va. 664, 173 S.E.2d 792 (1970), indicating that there is no fixed time between crime and indictment when the right to counsel accrues at a witness-suspect confrontation and that when, and if, that time does arrive should depend on the "totality of the circumstances." However, the court in *Buchanan* re-

---

[2] *Wade* and *Gilbert* established a *per se* exclusionary rule as to the out-of-court identifications and also held that no in-court identifications were permitted if their "source" was a lineup conducted in violation of the constitutional standard. *Gilbert*, 388 U.S. at 272-73.

fused to find that counsel is required at every pretrial witness-suspect confrontation and concluded that the defendant had not been denied his constitutional right by the absence of counsel at a pre-indictment lineup. *Id.* at 667, 173 S.E.2d at 794.

The Commonwealth argues that in two cases decided since the decision in *Buchanan,* the United States Supreme Court has held that the right to have counsel present at a lineup attaches at, or after, the initiation of adversary judicial criminal proceedings, and that there is no such right in the case of a pre-indictment or pre-preliminary hearing lineup. In *Kirby v. Illinois,* 406 U.S. 682 (1972), the Court found that the defendant's sixth amendment rights were not violated by the absence of counsel where a police station showup took place after the accused had been arrested, but before he was indicted or otherwise formally charged. *Id.* at 684. The Court noted that the sixth amendment right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated. *Id.* at 688.

In *United States v. Gouveia,* 467 U.S. 180 (1984), the Supreme Court found that prisoners were not entitled to counsel when held in administrative detention before indictments were returned against them for a murder committed in prison.

While *Gouveia* did not involve a lineup, the Court held that the court of appeals had improperly equated the sixth amendment rights to a speedy trial and the right to counsel. With regard to the latter, the point at which the right attaches was explained by Mr. Justice Rehnquist as follows:

> We have recognized that the "core purpose" of the counsel guarantee is to assure aid at trial, "when the accused [is] confronted with both the intricacies of the law and the advocacy of the public prosecutor."
>
> \* \* \*
>
> Although we have extended an accused's right to counsel to certain "critical" pre-trial proceedings, *United States v. Wade,* 388 U.S. 218 (1967), we have done so recognizing that at those proceedings, "the accused [is] confronted, just as at trial, by the procedural system, or by his expert adversary, or by both . . . ."

*Id.* at 188-89 (citation omitted); *see also Moran v. Burbine*, \_\_\_\_ U.S. \_\_\_\_, 106 S. Ct. 1135, 1145 (1986).[3]

 In the present case, although the accused had been arrested, no formal adversary judicial proceedings had been initiated. Therefore, the sixth amendment right to counsel had not attached, and Hunter was not entitled to have counsel at the lineup.

As noted in *Kirby*, there may be occasions during a criminal investigation when the police do abuse identification procedures. Such abuses are not beyond the reach of the Constitution. *Kirby*, 406 U.S. at 690. However, a careful review of the record in this case fails to show any indicia of unfairness or overreaching on the part of the police at the lineup. Indeed, Hunter has not based his appeal on any alleged specific wrongdoing at that time.

For these reasons, the judgment appealed from is

*Affirmed.*

Barrow, J., and Moon, J., concurred.

---

[3] *See Moore v. Oliver*, 347 F. Supp. 1313 (W.D. Va. 1972)(Right to counsel does not apply to a pre-preliminary hearing, pre-indictment lineup, even though an arrest warrant had been issued).