## CIRCUIT COURT OF FAUQUIER COUNTY

Commonwealth of Virginia

v.

E. Bruce Noland, Sr.

February 12, 1991

Case No. (Cr.) 89-432

By JUDGE THOMAS D. HORNE

This case came to be heard on several pre-trial motions filed by the defendant. Mr. Noland contends, *inter alia*, that the indictment against him should be dismissed as he has twice been put in jeopardy for the same offense. Mr. Ashwell has aptly observed in his argument that the Fifth Amendment guarantee against double jeopardy, enforceable against the states through the Fourteenth Amendment consists of three constitutional protections: (1) it protects against second prosecution for the same offense after acquittal; (2) it protects against second prosecution for the same offense after conviction; and (3) it protects against multiple *punishments* (emphasis added) for the same offense. *Woodfin v. Commonwealth*, 236 Va. 89 (1988). Clearly, the first two categories of protection are inapplicable to this case. Counsel for the defendant has, however, fashioned a novel argument concerning the application of the third category to the facts of this case.

Mr. Noland was the subject of an involuntary detention and commitment proceeding brought pursuant to the provisions of Chapter 2 of Title 37.1 of the Code of Virginia. Among the factual allegations considered by the professional

advising the magistrate (who issued the temporary detention order that resulted in Mr. Noland's involuntary commitment) was the alleged authorship by Mr. Noland of a threatening letter. This letter forms the basis of the instant prosecution. However, this argument must fail as the involuntary admission procedure may not be considered *punishment* within the context of the double jeopardy clause. The procedures set forth in Title 37.1 have as their sole *raison d'etre*, the care and rehabilitation of the patient. Public retribution plays no part in such proceedings. Any confinement is part of a treatment program. A claimed misuse of the system does not change the nature of the proceeding any more than the misuse of an automobile makes the purpose of the automobile anything more than a means of transportation and enjoyment. Thus, the application of the administrative procedures in this case may be distinguished from those which concerned the framers of the Constitution in drafting Article I, Section 3, cl. 7, of the Constitution. *See*, Tribe, *American Constitutional Law*, 2nd edition, at 296.

The Court finds that the defendant's Sixth Amendment rights had not been violated at the time he was interviewed at the Western State Hospital. No adversarial judicial criminal proceedings had been initiated at the time of the interview. *See, Hunter v. Commonwealth*, 3 Va. App. 221 (1986). Defense counsel's arguments with respect to Mr. Noland's Fifth Amendment Right against self-incrimination posits a more difficult problem. However, his exercise of his right to counsel at a commitment proceeding is not to be equated with the role of counsel as an insulator to police interrogation. The issue in the commitment proceeding is a determination of what, if any, treatment is needed to rehabilitate a patient who suffers from a mental illness. Thus, it may be distinguished from the "bright-line prophylactic Edwards rule" which protects against inherently compelling pressures of custodial interrogation and implications of the right against self-incrimination. *Arizona v. Roberson*, 486 U.S. 675, 108 S. Ct. 2093 (1988).

The decision herein does not preclude the defendant from raising the issue of involuntariness at trial.