## CIRCUIT COURT OF PRINCE WILLIAM COUNTY

Commonwealth of Virginia

 v.

Palmer Alfred Brown

September 2, 1992

Case No. (Cr.) 31318

BY JUDGE ROBERT K. WOLTZ

This is a decision on the defendant's motion to suppress an out-of-court identification in the nature of a showup at the jail subsequent to the defendant's arrest but prior to his preliminary hearing. The defendant stands charged with distribution of a controlled substance. Evidentiary hearing on the motion consisted of the undercover agent who testified to making two "buys" from the defendant in December, 1991, and January, 1992, and subsequently identifying the defendant at the showup, and a public defender who had been an attorney for the defendant testifying in the Commonwealth's case, no evidence being offered by the defendant.

The motion to suppress is denied for the reasons following.

The defendant is black and so is the undercover agent, a trained state police investigator who testified at some length as to the circumstances under which he saw the defendant on the occasions of the alleged buys, including a relatively detailed description of defendant's clothing. Also inferable from his testimony is that he had given a description of the defendant to a police officer because the latter called the agent to come to the jail to see if he was "Boozer," the only name by which the defendant was known to the agent.

The defendant relies principally on *United States v. Wade*, 388 U.S. 218, 18 L. Ed. 2d 1149 (1967), and *Gilbert v. California*, 388 U.S. 263, 18 L. Ed. 2d 1178 (1967). Those cases involved lineup procedures, but *Wade* is clear that they apply to showups as well. Both cases dealt with post-indictment lineups at which the defendant did not have counsel present.

*Kirby v. Illinois*, 406 U.S. 682, 32 L. Ed. 2d 411 (1972), provided that there was no right to counsel during identification procedures until "adversary judicial criminal proceedings" had commenced. Such proceedings include indictment as shown by *Wade* and *Gilbert* and also preliminary hearings as held in *Moore v. Illinois*, 434 U.S. 220, 54 L. Ed. 2d 424 (1977); but the issuance of an arrest warrant is not sufficient to constitute such a proceeding, *Hunter v. Commonwealth*, 3 Va. App. 221 (1986). It is not entirely clear from the evidence whether the defendant had an attorney on this particular charge at the time of the contested showup. However that may be, the showup was clearly before the preliminary hearing. Assuming that at the time of the contested showup, the defendant did have counsel on the instant charge in the view of this court, the defendant under the evidence in this case was still not entitled to have counsel present at the showup for "adversary judicial criminal proceeding," in this case the preliminary hearing, had not commenced. Even if counsel had been appointed for the defendant on this charge, that procedure would not constitute such a proceedings. Rather it would be nonadversarial and a procedural step in aid of enabling the defendant in meeting those adversary judicial criminal proceedings which might follow that appointment.

As to the right to the presence of counsel, it should be kept in mind that lineups and showups are similar to the taking of finger prints, blood and other bodily fluids, hair samples, handwriting exemplars and similar procedures in collecting evidence in that they are nontestimonial in character. No case has come to the attention of the Court where any right to counsel ever attached to the collection, even from the defendant himself, of such real evidence. In part because they are testimonial in character, under a number of circumstances, the right to counsel attaches with respect to confessions and may do so before the right attaches with respect to lineups and showups. The latter lie somewhere between police collection of real evidence generally with no right to presence of counsel, and certain police obtained confessions at which right to counsel attaches regardless of the existence or nonexistence of adversary judicial criminal proceedings. Because one is testimonial and one is nontestimonial and each arises out of different constitutional concepts, it is unsafe and not entirely logical to analogize between right to counsel in one and right to counsel in the other. Irrespective of attempted analogy, as stated above, the right to counsel here had not attached at the time of the showup.

Having ruled on the Sixth Amendment right to counsel in relation to this showup, there still remains the Fifth and Fourteenth Amendment question of due process, that is, whether pretrial identification procedure was "so impermissibly suggestive as to give rise to substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 19 L. Ed. 2d 1247 (1968). The court finds no due process violation. The evidence did not show that there was anything especially suggestive at the pretrial identification at the jail other than the fact it was a showup as opposed to a lineup. An identification even though suggestive may be used in evidence if the prosecution bears the burden of showing its reliability. *Manson v. Brathwaite*, 432 U.S. 98, 53 L. Ed. 2d 140 (1977).

The reliability of an identification needs to be judged on all the circumstances. *McCary v. Commonwealth*, 228 Va. 219 (1984). The identifying undercover agent had a good opportunity to observe the defendant on two previous occasions and somewhat more than fleetingly; as an undercover police agent endeavoring to make purchase of a controlled substance on two occasions from an unknown subject, his degree of attention to the appearance and features of the defendant would be considerable; added to that is the fact that the agent was a trained police officer; the officer and the defendant were of the same race; though there is little evidence on the point, there is inference that the agent gave a satisfactory prior description of the defendant; the agent demonstrated a high level of certainty at the showup confrontation; and the length of time, about four months, between the officer's observation of the offenses charged and the confrontation was within respectable limits. *See, Neil v. Biggers*, 409 U.S. 188, 34 L. Ed. 2d 401 (1972). All these circumstances led to the conclusion that the identification of the defendant was reliable and that there was no due process violation of his rights in the performance of this showup.

As a consequence of the foregoing, the Court is of opinion that the motion to suppress should be denied and that the pretrial identification of the defendant at the showup by the undercover agent is admissible. This, of course, does not determine the weight of that identification evidence which is a matter for the jury or other finder of fact, nor does it prevent the defense from attacking the reliability of this evidence or impeaching the testimony of the identification witness.